ASAHEL GAGE

*v.*

JOHN H. NICHOLS.

*Filed at Ottawa September 27, 1884.*

CLOUD UPON TITLE—*setting aside tax sale—upon terms.* The maxim, he that seeks equity must do equity, requires that a party seeking to have a tax sale set aside as a cloud upon his title to real estate, must offer to reimburse the purchaser the amount bid by him for the property at the tax sale, with six per cent interest; and it is error to set aside a tax sale for mere irregularities not affecting the substantial justice of the tax, without requiring such payment.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

This is a bill in equity, originally brought by George Rose, against Asahel Gage, to set aside a sale for taxes of lots 1 to 23, in block 1, and lots 1 to 43, in block 2, of Nichols' subdivision of block 6, of Lee's subdivision of the south-west quarter of section 12, town 39, range 13, in Cook county, and enjoin said Gage from taking a tax deed to said lots on

such sale. On September 18, 1873, these lots were sold for the State and other taxes of 1872, for $623.76, to appellant. On September 17, 1875, one day before the time of redemption from the sale had expired, this bill was filed. John H. Nichols, the present appellee, was subsequently substituted as complainant in the cause, he having succeeded to the claim of Rose, and he filed an amended and a supplemental bill, by leave of court. The bill sought to set aside the tax title, first, on the ground of a burnt records proceeding; and second, because of an irregularity concerning some of the items entering into the taxes for which the property was sold. The appellee had not paid any of these taxes, and they were unpaid at the time of the sale. The answer denied both charges or grounds of relief. On the hearing the court decreed that the tax sale be set aside; that appellant be enjoined from receiving a deed; that the costs be taxed against appellant, and that execution issue therefor. The relief was granted without requiring the appellee to refund the taxes, and not upon any terms whatever. In the bill there was an offer to pay the amount justly due as taxes on the premises, and legal interest thereon from the day of the sale, and all legal and just costs, expenses and charges, when ascertained.

Mr. AUGUSTUS N. GAGE, for the appellant.

Mr. ROBERT L. LYONS, and Mr. E. J. WHITEHEAD, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was a suit in chancery to set aside a tax sale of certain lots, made September 18, 1873, for the taxes of 1872, as a cloud upon the complainant's title. The right to relief is predicated upon the fact that the assessor of the town did not return his assessment book until August 30, 1872, while the law required its return on or before July 1, 1872, and the town

tax was objected to as not having been levied by the proper persons, and because it was not certified to the county clerk in the time required or in the manner prescribed by law. The objections urged do not go to the substantial justice of the taxes, but are aimed at certain alleged irregularities.

One point raised is all that need be considered to show fatal error in the decree. The court clearly erred in granting the relief by setting aside the sale without requiring the complainant to pay the defendant the money paid by him in his purchase, and interest thereon. The maxim, he that seeks equity must do equity, requires that a party seeking to have a tax sale set aside as a cloud upon his title to real estate, must offer to reimburse the purchaser the amount paid by him for the lots at the tax sale. This is well settled law in this State. (*Farwell et al.* v. *Harding,* 96 Ill. 32; *Phelps et al.* v. *Harding,* 87 id. 442; *Barnett* v. *Cline,* 60 id. 205.) In recognition of this rule the complainant in his bill stated: "Your orator is now, and always has been, ready and willing to pay the amount due as taxes on said premises, and hereby offers to pay the same, and to do equity in the premises." With this offer it seems strange that the relief was granted unconditionally, and without requiring the complainant to pay the defendant the amount of taxes and costs he paid for the property, with six per cent interest. The court should not have given the complainant more than he asked.

For this error the judgment of the Appellate Court is reversed, and the cause remanded to that court for further proceedings.

*Judgment reversed.*