## Asahel Gage
### v.
## John H. Nichols.

*Injunctions—Real Property—Title—Tax Deed.*

This court declines to interfere with a decree in behalf of the complain-
ant on a bill filed by him to enjoin the issuance of a tax deed to certain real
estate, upon the ground that the town taxes for the year in question were
not certified to the County Court, in conformity with the statute then in
force.

[Opinion filed July 2, 1889.]

Appeal from the Superior Court of Cook County; the Hon.
Egbert Jamieson, Judge, presiding.

Messrs. Edward Roby and Augustus N. Gage, for appel-
lant.

Messrs. E. J. Whitehead and Robert L. Lyons, for appel-
lee.

Garnett, P. J.   The decree complained of on this appeal
was entered on a bill filed by appellee against appellant to
enjoin the latter from obtaining a tax deed to certain lots in
the town of West Chicago, upon a sale thereof for taxes of
1872.   Against the validity of the sale appellee alleged and
proved that the town taxes for that year were not certified to
the county clerk, on or before the second Tuesday in August
of that year, as required by the statute then in force.

In fact, the certificate required was not made for some days
after the day specified in the statute.   This is a fatal objec-
tion to the tax.   It was so held in Mix v. People, 72 Ill. 241;
National Bank v. Cook, 77 Ill. 622; People v. Cooper, 10 Ill.
App. 384; and we have no inclination to travel over the
ground already so well explored by the highest authority in
the State.   Section 191 of the Revised Statutes covers omis-

sions of this character in taxes levied after it became a law (Buck v. People, 78 Ill. 566), but it has no retroactive force.

This case was formerly before the Supreme Court, the decree then in force being reversed and the cause remanded (112 Ill. 269), because it failed to require appellee to pay appellant the money paid by him in his purchase, and interest thereon. This error is obviated by the record now before us and the decree is therefore affirmed.

*Decree affirmed.*