ASAHEL GAGE

*v.*

JOHN H. NICHOLS.

*Filed at Ottawa October 31, 1890.*

1.  TAXATION AND TAX TITLES—*certificate of levy by towns, etc.—at what time to be filed—the statutes considered.* Under section 122 of the Revenue act of 1871-72, providing that the proper authorities of towns, townships, districts, incorporated cities, towns and villages shall annually, on or before the second Tuesday in August, certify to the county clerk the several amounts which they require to be raised by taxation, a tax extended on a certificate filed after that time is void.

2.  This ruling is based on the law as it stood before the amendment of section 191 of the same act, made on May 3, 1873. The amendatory act of 1873, however, curing merely formal defects and irregularities not affecting the substantial justice of the tax, not being retrospective in its operation, has no application to taxes levied for the year 1872.

3.  SAME—*whether township tax was extended upon a certificate filed in proper time—presumption.* Where a certificate of the amount of taxes required to be levied for township purposes, filed after the time limited by the statute, is found in the office of the county clerk, with that officer's file mark indorsed thereon, this will afford *prima facie* evidence that the township taxes for that year were extended on such certificate. If there was another certificate, legal in form and substance, it should have been shown in support of the levy.

4.  SAME—*judgment for taxes—conclusiveness—presumption—burden of proof.* There is no presumption of law arising from the fact of the rendition of judgment against land for taxes, that the owner appeared and contested the right to such judgment.

5.  The rule that a judgment for taxes is conclusive on the land owner is applicable only to a case where there has been a trial on the merits, the court having jurisdiction of the person and subject matter of the suit.

6.  Where the owner of land appears and objects to the rendition of judgment against his property, he will be estopped by the judgment, and can not attack the same collaterally, except for want of jurisdiction; but if he does not appear and resist the application for judgment, he will not be concluded by the judgment.

7.  The burden of proof rests upon the party claiming under a judgment for taxes, to establish the affirmative facts, to show that the other

party is estopped by the judgment, and not upon the latter to prove the negative of that proposition.

8. CLOUD UPON TITLE—*setting aside tax sale—upon terms—rate of interest.* Where a tax deed is set aside as a cloud on title, the holder of such deed is only entitled to the sum paid by him, with six per cent interest thereon. When money is required to be refunded, a court of equity seldom requires, in the absence of a contract to the contrary, a greater rate of interest than six per cent, or, the rate fixed by statute.

9. CONSTRUCTION OF STATUTES—*whether retrospective.* The general rule applicable to all laws is, that they are to be regarded as prospective, only, unless the legislative intention that they should have a retrospective operation is made manifest by the most clear and unequivocal language.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. EDWARD ROBY, and Mr. AUGUSTUS N. GAGE, for the appellant:

There is no proof that the town taxes were extended on the illegal certificate. It will be presumed, in the absence of proof to the contrary, that the taxes were extended under competent legal authority. *Mix* v. *People*, 72 Ill. 241; *First Nat. Bank* v. *Cook*, 77 id. 622; *Reddick* v. *State Bank*, 27 id. 145; *Miller* v. *Handy*, 40 id. 451; *Matthews* v. *Hoff*, 113 id. 96; *Donlin* v. *Hettinger*, 57 id. 350.

The point that the assessment was returned too late, was abandoned because of sections 78, 280 and 281 of the Revenue laws of 1871-72, and the decisions based on the words of section 280, found in *Purrington* v. *People*, 79 Ill. 12, and *Eurigh* v. *People*, 79 id. 214.

The case of *Mix* v. *People*, 72 Ill. 241, was tried in the county court before July 1, 1873. *First Nat. Bank* v. *Cook*, 77 Ill. 622, was a bill in chancery filed before March 10, 1873. In *People* v. *Cooper*, 10 Bradw. 384, it was held that the party could not raise a question whether the tax was certified in time.

The judicial proceeding for the collection of the taxes of 1872, here involved, was begun at the July term, 1873, which began July 14, 1873, and the whole proceeding was under the amended section 191. It has been often held that the points raised against the tax judgment in this case can not be considered where that section has effect. *Moore* v. *Fessenbeck*, 88 Ill. 422; *Buck* v. *People*, 78 id. 560; *Chiniquy* v. *People*, 78 id. 570.

The judgment of the county court is conclusive as to the validity of the tax levy. *Gage* v. *Bailey*, 102 Ill. 11; *Nail Co.* v. *People*, 98 id. 399.

Even if the appellee is entitled to a decree, the amount he should be required to pay is greater than the amount found in the decree. *Gage* v. *Busse*, 102 Ill. 592; *Gage* v. *Nichols*, 112 id. 269.

Mr. ROBERT L. LYONS, and Mr. E. J. WHITEHEAD, for the appellee:

The town taxes of the town of West Chicago, in which the lands are situate, were not certified to the county clerk, for the year 1872, within the time required by law. Sess. Laws of 1871-72, p. 31; *Mix* v. *People*, 72 Ill. 241; *First Nat. Bank* v. *Cook*, 77 id. 622; *People* v. *Cooper*, 10 Bradw. 384; Laws of 1873, p. 48; Rev. Stat. 1874, p. 1012; Rev. Stat. 1845, p. 473; *People* v. *Thatcher*, 95 Ill. 113; *In re Tuller*, 79 id. 99.

The taxes of the town of West Chicago were not levied for the year 1872 by the proper authorities, nor for corporate purposes. 1 Gross' Stat. 744, 745, 753; Laws of 1871-72, p. 31; Rev. Stat. 1874, 1081, 1071, 53; 1 Private Laws of 1869, 342, 350, 356; *Harward* v. *Drainage Co.* 51 Ill. 133; *Trustees* v. *People*, 63 id. 303; 3 Private Laws of 1869, 277; *Livingston County* v. *Wieder*, 64 Ill. 432; *People* v. *Dupuyt*, 71 id. 651; *People* v. *Trustees*, 78 id. 137; *Sherlock* v. *Winnetka*, 59 id. 389; 68 id. 530; 1 Greenleaf on Evidence, sec. 78.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This is a suit in chancery, prosecuted by appellee, against appellant, for the purpose of setting aside, as a cloud upon the title of the former, a tax sale, for the taxes of 1872, of certain lots in the town of West Chicago, made on September 18, 1873. This is the second occasion upon which the cause has been before this court. (See *Gage* v. *Nichols*, 112 Ill. 269.) In the view we take of the case it is unnecessary to examine all of the questions that arise upon the record and are discussed in the arguments of counsel.

Among the items for which the judgment of the county court was rendered and for which the lots were sold, were the town taxes of the town of West Chicago. The bill of complaint, among other grounds for setting aside the tax sale and tax title, alleges as follows: "That the town taxes were never levied, assessed or certified by the officers, nor in the manner, required by law, nor certified to the county clerk in the manner required by law, nor within the time required by law; that the only warrant or authority, except the action of the county board hereinafter named, which the county clerk had or received, was a pretended certificate made by the town clerk, as follows:

" 'TOWN OF WEST CHICAGO, *August 5, 1872.*

" 'At a meeting of the town board, on the above date, it was moved, carried and ordered by the said board, that the following sums of money be raised: For town purposes, for the year 1872, for the town of West Chicago, the sum of $16,000; for payment of interest on the West Park bonds, $86,790.

M. M. MILLER, *Town Clerk West Chicago.*'

—"Which certificate was filed with the county clerk August 19, 1872, and therefore said town tax was absolutely null and void, and ought not to have been placed on the collector's warrant for said year."

Section 122 of the Revenue act of 1872 (Laws of 1871-72, p. 31,) provided : "The proper authorities of towns, townships, districts, and incorporated cities, towns and villages, shall annually, on or before the second Tuesday in August, certify to the county clerk the several amounts which they require to be raised by taxation."

It was held in *Mix* v. *The People*, 72 Ill. 241, and in *Nat. Bank* v. *Cook et al.* 77 id. 622, that the certificate of amount mentioned in that section must be filed within the time prescribed therein, or the levy will be void. The certificate of amount which is set forth in the bill, and which was given in evidence at the hearing, has the file mark thereon of August 19, 1872, and the second Tuesday in August, 1872, was the thirteenth day of the month.

Three grounds are urged why the rule announced in the cases above cited should not control in the decision of the present controversy. It is claimed that appellee has not shown by the evidence that the document in question is the levy of the town taxes of which he complains. The findings of both the Superior and the Appellate Courts were adverse to this claim, and were, that the town did not certify to the county clerk the amount required to be raised for county purposes until August 19, 1872, and that the amounts so certified on August 19, 1872, were assessed in part upon said lots of appellee, and form a part of the taxes for which they were sold to appellant. We think these findings are sufficiently supported by the proofs. The county clerk is the proper custodian of the certificates of amount provided for in said section 122 of the statute, and the instrument in question was found in the custody of the proper county clerk, and in a vault in his office, and in a bundle of papers containing the tax levies of the various towns in Cook county for the year 1872, and said instrument had indorsed thereon and signed by the clerk the following words: "West Chicago town taxes, 1872.—Filed August 19, 1872." If what purports to be a tax levy is so

found, the reasonable and fair presumption is that it is the one on which the taxes were extended by the county clerk, and the file mark signed by that official affords at least *prima facie* evidence that it was delivered to such officer at the date indicated by the file mark.

We do not regard the reasoning of the court in *Gage* v. *Bailey et al.* 102 Ill. 11, as applicable to the matter now in hand. There no proof was made that the certificates given in evidence covered all the school districts in the township, and it was said: "*Non constat,* there may have been other districts in which a tax for building purposes may have been authorized, and the papers lost from the files, or mislaid, so that they could not be or were not found." Had no document purporting to be a tax levy of the town of West Chicago for the year 1872 been found in the office of the county clerk, it is possible a presumption might have arisen that the required certificate had been lost or mislaid. But there is no presumption there were two certificates for the town taxes of 1872, and a certificate of amount for that year being found, and in the proper place, the presumption is that such certificate was acted upon in making the tax extensions. If there were two certificates for said town taxes, then it devolved upon appellant to make proof of that affirmative fact. The principle applicable here is analogous to that which was applied by this court in *Botsford* v. *O'Conner*, 57 Ill. 72, and in other like cases, where it was held, that when service of summons appears in the record, and such service is insufficient, and the record fails to show the court otherwise acquired jurisdiction, it will be presumed the court acted upon the insufficient service.

It is urged, that even if the certificate of levy filed August 19, 1872, is the certificate of levy of the town taxes in question, yet the failure to file it on or before the day fixed by the statute will not vitiate such taxes. This claim is based upon the fact that application for judgment for the sale of the lots for said taxes was not made until the 21st day of July, 1873,

and that prior to that date the amendment of May 3, 1873, to section 191 of the Revenue law, went in force, whereby it was provided that "no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof." (Rev. Stat. chap. 120, sec. 191.) The general rule applicable to all laws is, that they are to be regarded as prospective, only, unless the legislative intention they should have a retrospective operation is manifested by the most clear and unequivocal language. (*In re Tuller*, 79 Ill. 99.) In *The People ex rel.* v. *Thatcher*, 95 Ill. 109, it was held that the amendment to the revenue law then under consideration had no application to taxes assessed and levied before the amendatory act took effect. And in *Buck* v. *The People ex rel.* 78 Ill. 560, the objection was that the local taxes were not levied and returned to the clerk in time, and it was, in substance, held, that the amendment now in question did not apply to taxes levied under the law as it stood in 1872.

It is also insisted, that, the county court having entered judgment against the lots for the town taxes, such judgment is conclusive against appellee, unless he shows he did not object to the entry of such judgment. Appellant seems to misapprehend the doctrine of this court in respect to this matter. It is conceded by him that the amendment of 1879 to section 224 of the Revenue law has no application to this case. It is also conceded that in respect to judgments for taxes not affected by that amendment, the owner of land who did not appear and file objections thereto may collaterally object to the judgment, and that only such owner is estopped by the judgment as appeared and objected to the rendition of the judgment. It is manifest there can in no case be an estoppel without the conditions which work the estoppel affirmatively appear. From the mere fact a judgment for taxes is entered against property, there arises no presumption of law that the

owner of such property appeared at the time and place of the application for judgment and objected to its rendition. In *Karnes* v. *The People*, 73 Ill. 274, the appellant resisted the application for judgment, and the court said: "When objections are made, the trial is only upon the points thus raised, the presumption being that all else is admitted to be correct and free from objection." In *Graceland Cemetery Co.* v. *The People*, 92 Ill. 619, where the doctrine of the conclusiveness of the judgment rendered in a proceeding to collect taxes was first announced in this court, it was said: "Of course, the rule here laid down is applicable only to a case where there has been a trial on the merits, the court having jurisdiction of the person and subject matter of the suit, and does not apply where there has not been a trial on the merits, or where there is a want of jurisdiction." In *Neff* v. *Smyth*, 111 Ill. 100, the rule is formulated thus: "Where there has been an appearance and defense on the merits in a tax sale proceeding, a tax judgment should have the same conclusive effect as any other judgment." To like effect is *Belleville Nail Co.* v. *The People*, 98 Ill. 399, and it is there said: "It is only in the case of such appearance and defense that we regard the judgment as conclusive."

The question here is one of the burden of proof, and the *onus probandi* was upon appellant to establish the affirmative facts to show that appellee was estopped by the tax judgment, and not upon the latter to prove the negative of that proposition. In the record before us there is no evidence whatever to prove, or tending to prove, that appellee appeared and made objection to the rendition of the judgment; on the contrary thereof, the facts in evidence, that he was a non-resident of this State, and had no actual knowledge respecting the application for judgment, tend strongly to show, even if they do not conclusively prove, that he did not appear and file objections. There is, manifestly, no error in the finding of the decree that the tax sale was illegal and void.

Another contention of appellant is, that even if appellee is entitled to a decree, the amount which he should be required to pay is greater than the amount found in the decree. The decree of the Superior Court was that he should pay $624.44, the aggregate amount paid by appellant for the lots at the tax sale, and $552.44, being six per cent interest thereon to the date of the master's report, making $1176.68, and $29.41, being six per cent interest on the $1176.68 to the date of the entry of the decree, making the sum of $1206.09 in all, and interest on the $1206.09 from the date of the decree to the date of payment, and that each party should pay his own costs.

When the cause was here upon the former appeal, (112 Ill. 269,) the then decree was reversed because appellee was not required "to pay to appellant the money paid by him in his purchase, and interest thereon," and it was expressly held he should have been decreed to pay "the amount of taxes and costs paid for the property, with six per cent interest." It would seem the decision then made must necessarily control as to that matter in respect to the present decree, which, as it to some extent allows compound interest, is even more liberal to appellant than that decision required. But, both upon principle and upon authority, there is no error in regard to that matter. When money is required to be refunded, a court of equity seldom requires, in the absence of a contract to the contrary, a greater rate of interest than six per cent, or the rate fixed by the statute. It was expressly so ruled in *Barnett* v. *Cline,* 60 Ill. 205, which was also a bill by the owner of land to cancel invalid tax titles and certificates of purchase as clouds upon his title, and where the point was directly in issue, and it was held that six per cent was the rate which should have been allowed by the court in decreeing the repayment of the taxes, and interest. It is true, a different rule was applied in *Gage* v. *Busse et al.* 102 Ill. 592 ; but the rule there followed has never been enunciated in any other case, either prior or subsequent, and was there expressly predicated upon the par-

ticular circumstances of that case, and those circumstances were materially different from the circumstances which are found in this record. There is no error in the decree in respect to the amount required to be paid by appellee.

We find no error in the record, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*