## In re DELINQUENT TAX ROLL.

(First Division. Juneau. December 11, 1913.)

No. 1041.

TAXATION (§ 642*)—PROCESS.

In attempting to collect delinquent real property taxes in towns, the act of the territorial Legislature requires that the town officials "shall under the direction of the common council cause to be published * * * a notice under the hand of the clerk of the town, setting forth" that the delinquent tax roll has been completed, is open for inspection at the office of the town clerk, and on a certain day, not less than 30 days after the completion of the notice, "the said roll would be presented to the district court of the division for adjustment and order of sale." Held, the notice must be given in strict compliance with the statute, and must embrace all the statutory requisites, and a failure to comply with the statute is jurisdictional and renders all subsequent proceedings void.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1305–1307; Dec. Dig. § 642.*]

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

4 A.R.—46

· This is a special proceeding under chapter 69, Laws of 1913, territory of Alaska, to procure a decree of this court foreclosing a lien for delinquent taxes upon certain lots in the town of Juneau.

Section 9 of the act referred to provides that:

"If the court find that the assessment was fairly made and equalized according to the law, the tax duly levied and not paid when due and due notice given of the hearing as provided herein, it will ·be sufficient to authorize the issuance of the order of sale."

There is no contention that the assessment was unfairly made or that it was not equalized according to law, but respondents contend that there was not "due notice given of the hearing as provided" by the statute. As showing that due notice was given as provided by statute, the attorney for the town introduced a printed publication in a newspaper called the Daily Empire, as follows:

"Notice of Delinquent Tax on Real Property in the City of Juneau.

"To Whom It May Concern: Notice is hereby given that the delinquent tax roll of real property for the city of Juneau, Alaska, has been completed and is open for public inspection at the office of the city clerk, and that the same will be presented to the district court of the district of Alaska, division No. 1, at Juneau, on the 22d day of October, 1913, for adjustment and order of sale. The following list shows the tracts as shown by said delinquent tax roll, the amount of tax, penalty, and interest thereon, and to whom assessed."

Here follows list of delinquent taxes for 1913.

Respondents admit said publication, but allege that it was not made by or under the direction of the common council, and they call W. T. Lucas, town clerk, to the witness stand. The latter testifies that the only directions ever made by the common council in the matter, are found on page 287 of the minutes of the council. Whereupon respondents introduced, without objection, said page in evidence. Said page is as follows:

"Special Meeting August 21, 1913.

"A special meeting of the city council of the city of Juneau, Alaska, was held in the council chambers at 8 p. m. on Thursday, August 21, 1913, Mayor Carter presiding.

"The mayor stated that the meeting was called for the purpose of approving the delinquent tax roll for the year 1913.

"On roll call the following members answered to their names: Councilmen Case, Hurlbut, Marshall, Pullen, Raymond, and Mayor Carter; Councilman Geddes being absent.

"The clerk now presents the 'delinquent tax roll of the city of Juneau for the year 1913,' and said roll having been examined and read, and said roll showing the following, to wit:   Aggregate amount of delinquent taxes for the year 1913, $2,346.80.   Aggregate amount for the years prior to 1913, $236.70.   Aggregate amount of delinquent tax roll, $2,583.50.

"Councilman Marshall, seconded by Councilman Raymond, make the following motion, to wit:   That the delinquent tax roll of the city of Juneau for the year 1913 be approved and published in the Alaska Daily Empire, commencing August 22, 1913.

"And the clerk was instructed to call the roll on the adoption of said motion with the following result: Ayes, Councilmen Case, Hurlbut, Marshall, Pullen, Raymond and Mayor Carter.   Absent and not voting Councilman Geddes.   The mayor declared the motion carried, and the delinquent tax roll approved, and the clerk was instructed to publish same in accordance with said motion.   On motion council adjourned.                W. T. Lucas, City Clerk."

The production of the delinquent tax roll, and the revenue ordinance of the town, being ordinance No. 124, and of the said page No. 287 of minutes, and the said testimony of clerk, constitutes all the evidence in the case.

J. B. Marshall and John B. Heid, both of Juneau, for Town of Juneau.

J. H. Cobb, of Juneau, for respondents.

JENNINGS, District Judge.   The only point in issue is whether or not due notice was given as required by chapter 69.

The requirement is that notice be given as provided in section 7 of the act in question, and that section may, in the light of the admitted facts in this case, be read as follows:

"As soon as convenient after the completion of the delinquent roll, the city clerk shall, under the direction of the common council, cause to be published in the Empire, once each week for four consecutive weeks, a notice under his hand setting forth that the delinquent tax roll of the real property for the year 1913 has been completed and is open for public inspection, and that on a certain day (naming it) the said roll would be presented to the district court, division No. 1, for adjustment and order of sale."

Has the city clerk, under the direction of the city council, published any such notice as this? It must be conceded that he has not. True, he has published a notice containing the information mentioned, but he did not do so by or under the direction of the council. The council never directed him to publish any notice that application would be made to the court on October 22d, or any other date, for an order of sale. The council directed him to publish only the delinquent tax roll.

We are not at liberty to say that the publication of the delinquent tax roll was ordered, in order to comply with the statute (chapter 69), for the statute does not make such publication a sine qua non to action by the court. The statute does not require or contemplate any such thing as the publication of the roll, nor does the revenue ordinance No. 124. Of course, if the council chooses, they may order it to be published for some reason of their own.

What object the council expected to accomplish by the publication of the delinquent tax roll we can only conjecture. It may be that the council thought that a publication of the delinquent tax roll would cause the minds of those property owners, who were not willfully delinquent, to revert to the fact that they had been remiss in the discharge of their civic duties; it may be that the publication of the delinquent roll was ordered with the idea in view that it would arouse in the minds of those willfully delinquent a sense of shame at being thus pilloried in the public gaze as tax-dodgers. Whatever the object of the council may have been, we are not so much concerned in ascertaining what their purpose was as we are in knowing what they did.

Now all that they did was to order the publication of the delinquent tax roll, a thing which the court knows (although it is not in the record) has been done in the town of Juneau for many years past, long before the statute of 1913 was ever enacted.

The town clerk caused the delinquent roll to be published, and that is all that he did "under the direction of the council," for that is all the council has directed him to do. By what authority, then, has he appended to the delinquent tax roll, as

published, the notification "that the same will be presented to the district court of the district of Alaska, division No. 1, at Juneau, on the 22d day of October, 1913, for adjustment and sale"? If the council ever directed him to give such notice, there is no evidence of it. On the contrary, he testifies that there is contained on page 287 all the directions ever made by the council. Who fixed the date, October 22d? Not the council; if so, where is the evidence? They might have been willing to fix December the 1st. Who fixed the place, Juneau? Not the council; if so, where is the evidence? Juneau is naturally the most convenient place, but nevertheless the council might have fixed Ketchikan or Skagway. It is denied that any such notice was directed or authorized by the council. Counsel for the town contends that it will be presumed that the clerk was acting under direction when he published the notice. Even so, that is only a presumption obtaining in the absence of any evidence to the contrary. How can that presumption have any force in the face of the official minutes of the council and of the undisputed testimony of the town clerk?

The situation, then, is this: It appears that the council did not direct the clerk to give notice of application; it did not direct him to fix October 22d as the date; it did not direct him to fix Juneau as the place; it has taken no step, nor directed any step to be taken, looking to a decree by the court.

Where, then, does the court get any jurisdiction to proceed in the matter? This is a special proceeding depending entirely upon statute, and the statute alone must be looked to, for, as a court of general jurisdiction, the district court is powerless in the premises. Looking, then, to the statute, we find that, before this court can take even the first step, the council (not the clerk, nor the assessor, nor anybody else but the council) must invoke the action of the court by directing a certain notice to be given.

It has been contended that section 15 of ordinance No. 124, reading as follows:

"Sec. 15. Every tax assessed and levied in accordance with the provisions of this ordinance shall be a preferred lien upon the property so taxed which lien shall be foreclosed and the property

sold as provided by section 3, of chapter 69, of the Session Laws of the territory of Alaska for 1913"

—distinctly shows that the council elects to proceed, in the sale of property for taxes, under chapter 69. So it does show that. Then why does not the council proceed that way? It is not the election of the council to proceed that way which gives the court jurisdiction. It is the actual proceeding in the way prescribed which clothes this court with power in the premises.

Counsel for the town directs attention to the provision of the ninth section of chapter 69, reading as follows:

"At such hearing the duplicate tax roll shall be prima facie evidence of the regularity and legality of the assessment and levy of the tax and that the same is unpaid and no objection to the valuation of the property, the manner of the assessment and levy of the tax, or any of the subsequent proceedings shall be entertained by the court which does not affect the substantial rights of the party interposing the objection."

But that section simply provides a certain course to be adopted by the court, when it has jurisdiction to do anything. It confers no jurisdiction on the court. It says that on the hearing certain presumptions shall be indulged in; but, if the court has not jurisdiction to hear in the first place, there will never be any hearing. The jurisdiction of the court here is challenged in limine.

It is further contended that respondents, by appearing here, have waived all objections to time and place. Even so, they cannot waive the jurisdictional requisite that, before the court can proceed at all, the council must have directed certain things to be done. They cannot by consent confer jurisdiction of the subject-matter. They cannot clothe the town clerk with the power to give the notice; only the council can do that.

I wish I could see some way by which this proceeding could be sustained, for I feel that every citizen should, if able, pay the taxes imposed for the support of the government which protects him, and I feel that he should cause as little trouble as possible in the matter; but notwithstanding that, if a man's property is to be sold by the superior force of govern-

ment and against his will, it is that man's right to have it sold only in accordance with law. In my opinion, a sale of the property of respondents under this proceeding would be null and void, and the purchasers would get no title, and the whole thing could be upset.

The council will have to hold another meeting and give directions to the clerk to publish a notice as by law required; they must fix the date within the limitations of the statute, and the place at which the application will be made, before this court can have any jurisdiction to do anything except to close its door.

The proceeding is dismissed for want of jurisdiction to entertain the same.