Argued May 11, affirmed October 24, 1962

# CHILDERS *v.* CIVIL SERVICE COMMISSION OF WASHINGTON COUNTY ET AL

375 P. 2d 417

*Donald D. McKown,* Hillsboro, argued the cause for appellant. On the brief was Sam Wilderman, Portland, and Paul M. Reeder, Hillsboro.

*Francis W. Linklater,* District Attorney, Hillsboro, argued the cause for respondent. With him on the brief was Richard Smurthwaite, Deputy District Attorney, Hillsboro.

Before McALLISTER, Chief Justice, and WARNER, PERRY and SLOAN, Justices.

McALLISTER, C. J.

This is an appeal by petitioner W. E. Childers from an order of the circuit court for Washington county dismissing his appeal to that court from a decision of the Washington County Civil Service Commission affirming his discharge as an employee of the road department of said county.

At the general election in November, 1960 the voters of Washington county adopted a civil service act for county employees, the last section of which provided as follows:

"Section 44. (1) Except as provided in subsections (2) and (3) of this section, this Act takes effect on January 1, 1961.

"(2) The commissioners appointed under section 3 of this Act shall be appointed not later than 90 days after the effective date of this Act, and they may take any action before July 1, 1961, including the appointment of a secretary and chief examiner, that is necessary to enable them to exercise on July 1, 1961, the duties, functions and powers given to them under this Act.

"(3) Funds appropriated under section 42 of this Act shall be appropriated not later than July 1, 1961, and the commission may use any such funds as may be made available before July 1, 1961, to enable it to exercise on July 1, 1961, the duties, functions and powers given to it under this act."

Petitioner, who had been employed continuously by the road department of Washington county since 1956, was dismissed on June 9, 1961. Within 10 days petitioner filed with the commission a demand for an in-

vestigation and public hearing to determine whether he had been dismissed in good faith for cause. The commission determined that it had jurisdiction and held a public hearing on August 9, 1961, and by an order dated September 20, 1961 affirmed petitioner's dismissal.

Petitioner appealed to the circuit court for Washington county, which dismissed the appeal on the ground that because petitioner was dismissed prior to July 1, 1961 the civil service commission had no jurisdiction to review petitioner's case.

■ Although the civil service act became effective for limited purposes on January 1, 1961, it seems clear that the act was not intended to become fully operative until July 1, 1961. Under those circumstances we agree with the trial court that the act should not be applied retrospectively to employees discharged prior to July 1, 1961.

■ It is a general rule that statutes will be construed to operate prospectively unless an intent to the contrary clearly appears. See *Kempf v. Carpenters and Joiners Union,* 229 Or 337, 367 P2d 436 (1961), and authorities there cited. There is nothing in this act to indicate an intention that it be applied retrospectively. On the contrary, a reading of the act as a whole indicates that a prospective operation was intended.

The order of the trial court is affirmed.