Burl C. STEPHENS, Appellant,

v.

ROGERS CONSTRUCTION COMPANY, a copartnership, composed of Donald C. Rogers, W. R. Rogers and Albert S. Porter, Appellees.

No. 517.

Supreme Court of Alaska.

Feb. 25, 1966.

Albert Maffei, Anchorage, for appellant.

Kenneth R. Atkinson, Atkinson, Wade & Conway, Anchorage, for appellee, Rogers Const. Co.

J. L. McCarrey, Jr., Anchorage, for appellee, Albert S. Porter.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

This is a dispute over the ownership and right to possession of a 40 acre tract of land. Appellant purchased the property at a Spenard Public Utility District tax foreclosure sale in 1956. He contends that his title is paramount to that asserted by appellee, Rogers Construction Company. The latter's claim of ownership is based upon a conveyance by warranty deed from appellee, Porter, in 1958, which was made after the property had been sold at the tax foreclosure sale.

The trial court held that the tax foreclosure sale was invalid because the Spenard Public Utility District, in levying and assessing the taxes for which the property was sold, had failed to substantially comply with certain statutory requirements in effect at the time the levy and assessment were made. Judgment was entered for appellee, Rogers Construction Company, and appellant brought this appeal.

The tax foreclosure sale with respect to delinquent taxes levied and assessed in 1955 took place in 1956. At the time of the levy and assessment, section 49–2–28 A.C.L.A. 1949 authorized the Board of Directors of a utility district to levy and collect taxes on real and personal property within the district, and provided that:

> All taxes levied and assessed shall be in conformity with a resolution adopted by the majority of the whole Board of Directors and entered on the minutes of the Board at a meeting called for that purpose. At least ten days' notice shall be given by posting notice of such meeting [in] at least three public places in the District.

The evidence shows that the first part of the statute was complied with. The 1955 taxes were levied and assessed in conformity with a resolution adopted by a majority of the whole Board of Directors of the Spenard Public Utility District and entered on the minutes of the Board at a meeting called for that purpose on May 9, 1955. However, proof is lacking that the Board met the second requirement as to notice. The evidence showed that notice of the meeting was published once in each of the two daily newspapers in the City of Anchorage on April 27, 1955, and was posted in six places within the district. But there was no proof, in the way of an affidavit of posting or otherwise, that the notice was posted for at least ten days prior to the May 9 meeting, as section 49–2–28 requires. Evelyn Thompson, the office manager, tax assessor and tax collector for the district testified that she did the posting of the notice, but she did not recall when the posting was done.

Another portion of section 49–2–28 provides as follows:

> Said Board is hereby empowered to prescribe rules for the annual assessment and levy of taxes and by such rules to fix the dates when such assessment shall be annually made; the mode and manner of assessment; when the taxes may become due; to require the listing of property subject to taxation by owner or agent thereof; to impose, fix and provide for collection of penalties for non-payment of taxes when due, not to exceed ten per cent of such

taxes; to fix the rate of interest on delinquent taxes, not to exceed ten per cent per annum; to provide for the collection of such penalties and interest; and to provide generally for such other matters and things relative to the assessment and levy of such taxes as may be proper; * * *.

There was evidence that the Board had adopted resolutions regarding the amount of penalty for non-payment of taxes, the rate of interest on delinquent tax, and the extension of the due date for payment of taxes. But the trial court found—and its finding is supported by the evidence—that the Board had not prescribed rules fixing the date when the assessment of taxes was to be annually made and establishing the mode and manner of assessment of taxes.

Finally, section 49–2–28 provides:

[T]hat prior to fixing the rates of levy, said Board of Directors shall sit and publicly equalize the valuation of the property assessed.

That was not done in this case. The Board of Directors adopted a resolution levying a 4 mill tax following a public hearing on the proposed budget on May 9, 1955, but the Board did not sit as a Board of Equalization and publicly equalize the valuation of the property assessed before the tax levy had been made, as the statute requires.

■ The absence of proof of posting the ten day notice of the May 9, 1955 meeting at which the property tax was levied for the 1955–1956 tax year, the failure of the Board of Directors of the Spenard Public Utility District to prescribe rules relating to the date, mode and manner of assessment of taxes for that year, and the failure of the Board to sit and publicly equalize the

value of the property assessed before fixing the rate of levy caused the tax levy to be invalid. It follows that the sale of property for non-payment of taxes imposed under an invalid levy was likewise invalid.

■ The reason for these conclusions is that statutory provisions relating to notice, to the date, mode and manner of assessment of taxes, and to the equalization of valuation of property assessed for taxes are not merely directory in the sense that they are intended for the guidance of the Board in the conduct of its business, so as to secure order, system and dispatch in the Board's proceedings. Such provisions are designed for the protection of the rights of the taxpayer—to apprise him of the contemplated tax and how and when it will be assessed, and to give him the opportunity to be heard as to the tax obligation that is being imposed upon him. Provisions of this type are mandatory, and when they are not complied with the imposition of the tax is invalid and ineffective.[1]

■ We conclude that the tax levied and assessed by the Spenard Public Utility District in 1955 was illegal and ineffective for any purpose because of the failure of the Board of Directors to comply with certain mandatory requirements of section 49–2–28. The tax did not become a charge upon the land involved here, no tax lien was created, and the foreclosure sale was void.[2]

■ The final point made by appellant is that if there were any defects in the levy and assessment of the tax for 1955, they were cured by the enactment of S.L.A.1957, ch. 174. The purpose of that act was to provide a uniform procedure in assessing, levying and collecting taxes by municipalities, independent school districts and public utility districts in Alaska. Appellant relies

1. Johnson v. Miller, 391 P.2d 437, 439 (Alaska 1964); In re Delinquent Tax Roll, 4 Alaska 721, 726–727 (D.Alaska 1913); Cox v. Drainage Dist. No. 27, 208 Ark. 755, 187 S.W.2d 887, 891 (1945); Idaho Power Co. v. Three Creek Good Roads Dist., 87 Idaho 109, 390 P.2d 960, 962 (1964); Clark & Wilson Lumber Co. v. Weed, 137 Or. 186, 2 P.2d 12, 13 (1931); 16 McQuillin, Municipal Corporations § 44.97, at 309 (3d ed. rev. 1963).

2. See Anchorage Independent School Dist. v. Stephens, 370 P.2d 531, 533 (Alaska 1962).

particularly on sections 41, 44 and 56 of ch. 174, contending that these sections have the effect of curing any defects that may have existed in the tax levy and assessment for 1955.[3]

Whether or not a statute operates retrospectively depends upon the language of the statute.[4] There is nothing in the language of chapter 174 which suggests that it was intended to have effect on events that occurred before its effective date of July 1, 1957. In the absence of such language, chapter 174 must be held to be prospective only in its operation.[5] It did not serve to cure defects in the levy and assessment of taxes for 1955.

Appellant obtained no rights from the purported sale of the property by the Spenard Public Utility District in 1956. The court was correct in denying him any relief and in entering judgment for appellee, Rogers Construction Company.

The judgment is affirmed.

3. S.L.A.1957, ch. 174, §§ 41, 44, 56 [§§ 16–1–125d, 16–1–125g, 16–1–125s A.C. L.A. Cum. Supp. (1957)] provide as follows:

> Sec. 41. *Effect and Correction of Irregularity, Informality, Omission or Other Error.* No assessment of property or charge for taxes shall be considered invalid because of: (a) An irregularity in an assessment roll; (b) An assessment roll not having been made, completed or returned within the time prescribed by law; (c) The property having been listed or charged in an assessment or tax roll without any name, or with a name other than that of the owner. * * *
> Sec. 44. *Judgment and Decree as Evidence and Estoppel.* Any judgment and decree for the sale of real property to the city, on foreclosure for delinquent taxes, is conclusive evidence of its regularity and validity in all collateral proceedings, except where the taxes have been paid or the property was not liable to assessment and taxation. The judgment and decree is prima facie evidence that the taxes have not been paid and that the property was subject to taxation at the time it was assessed. The judgment and decree shall estop all persons raising objections thereto, or to the title based thereon, which existed at or before the date of the judgment and decree and could have been presented as an objection or defense to the application for the judgment and decree.

> Sec. 56. No purchase, subsequent to a judgment or decree foreclosing a tax lien or liens upon property, shall be invalidated and no deed shall be declared void or set aside for irregularities, omissions or defects, unless the record owner of the property sold actually has been misled by the irregularities, omissions or defects to his injury.

4. Baird v. Monroe, 150 Cal. 560, 89 P. 352, 354 (1907); Application of Forde L. Johnson Oil Co., 84 Idaho 288, 372 P.2d 135, 140 (1962); Gage v. Nichols, 135 Ill. 128, 25 N.E. 672, 673 (1890); Carlisle v. Goode, 71 Miss. 453, 15 So. 119, 120 (1894); Childers v. Civil Serv. Comm'n, 232 Or. 327, 375 P.2d 417, 418 (1962); 4 Cooley, Taxation § 1586, at 3118 (4th ed. 1924).
See S.L.A.1962, ch. 62, § 7 (AS 01.10.090) which provides that: "No statute is retrospective unless expressly declared therein."

5. Hill v. Moe, 367 P.2d 739, 742 (Alaska 1961), cert. denied, 370 U.S. 916, 82 S. Ct. 1554, 8 L.Ed.2d 498 (1962); Brewster v. Gage, 280 U.S. 327, 337, 50 S.Ct. 115, 117, 74 L.Ed. 457, 463 (1930); Gallo v. Industrial Comm'n, 83 Ariz. 392, 322 P. 2d 372, 375 (1958); Douglas Aircraft Co. v. Cranston, 58 Cal.2d 462, 24 Cal. Rptr. 851, 374 P.2d 819, 823, 98 A.L.R. 2d 298 (1962); In re Whiting's Estate, 110 Cal.App. 399, 294 P. 502, 503–504 (Dist.Ct.App.1930); 2 Sutherland, Statutory Construction § 2212, at 135 (3d ed. 1943).