Donald Andrew MORGAN, Appellant,

v.

STATE of Alaska, Appellee.

No. 1527.

Supreme Court of Alaska.

July 27, 1973.

---

James L. Johnston, Anchorage, for appellant.

John E. Havelock, Atty. Gen., Juneau, Seaborn J. Buckalew, Jr., Dist. Atty., Robert L. Eastaugh, Asst. Dist. Atty., Anchorage, for appellee.

Herbert D. Soll, Public Defender, R. Collin Middleton, Deputy Public Defender, Anchorage, for amicus curiae.

Before RABINOWITZ, Chief Justice, and CONNOR, ERWIN and BOOCHEVER, Justices.

## OPINION

RABINOWITZ, Chief Justice.

After a trial by jury, appellant Donald Andrew Morgan was found guilty of rob-

bery in violation of AS 11.15.240.[1] The facts relating to the robbery were essentially undisputed. On September 30, 1970, in the company of two acquaintances, Morgan entered the Save-More Drugstore at 13th and I Streets in Anchorage. Then, while holding a clerk and druggist at gunpoint, Morgan and his partners demanded that they be given amphetamines. The druggist handed over three bottles of the pills, and the trio departed the store.

At trial, Morgan did not deny these facts, and relied principally on a claim of insanity as his defense. Morgan produced expert psychiatric testimony in support of this defense. The psychiatrist testified that in his opinion Morgan knew the nature and quality of his acts, that he knew the difference between right and wrong, but that he lacked the substantial capacity to conform his conduct to the requirements of the law. The jury found Morgan guilty of robbery, and from the judgment entered upon that verdict, this appeal has been taken.

Morgan argues that the trial court committed reversible error by instructing the jury on the issue of insanity as it did, and by refusing to instruct the jury on that issue as he requested. The trial court instructed the jury that:

A person is accountable for the commission of a crime if at the time of the conduct out of which the crime is alleged to have occurred, he had sufficient mental capacity to appreciate the character and quality of his act, to comprehend the probable or possible consequences and to know and understand what he did was wrong. And if he did not possess such mental capacity at the time, then he must be acquitted by reason of insanity.

The court's instruction embodied the insanity test approved in Chase v. State, 369 P.

---

1. AS 11.15.240 provides:

 A person who, by force or violence, or by putting in fear, steals and takes anything of value from the person of another is guilty of robbery, and is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year.

2d 997 (Alaska 1962).[2] Morgan, on the other hand, requested the court to instruct the jury that:

> You are instructed that a person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law.

Morgan's requested instruction was based on the American Law Institute's Model Penal Code test of insanity.[3]

In Schade v. State, 512 P.2d 907 (Alaska, 1973), a companion appeal to the instant case, we overruled the insanity test formulated in Chase v. State, *supra*, and established in its place the Model Penal Code test. The trial court's failure to instruct the jury according to the Model Penal Code standards compels us to reverse Morgan's conviction, and remand this case for a new trial.[4]

FITZGERALD, J., not participating.

ERWIN, Justice (dissenting).

I dissent for the reasons set forth in Schade v. State, 512 P.2d 907 (Alaska, 1973).

---

2. The jury instruction on the issue of insanity upheld in *Chase* was a variation on the M'Naghten rule, and provided in pertinent part:

> Insanity, as the word is used in these instructions, means such a diseased and deranged condition of the mental faculties of a person as to render him incapable of knowing the nature and quality of his act and of distinguishing between right and wrong in relation to the act with which he is charged.

369 P.2d at 998.

3. The insanity test approved by the American Law Institute is set forth in § 4.01 of the Model Penal Code:

> (1) A person is not responsible for criminal conduct if at the time such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality [wrongfulness] of his conduct or to conform his conduct to the requirements of law.
>
> (2) As used in this Article, the terms "mental disease or defect" do not include an abnormality manifested only by repeated criminal or otherwise anti-social conduct.

American Law Institute, Model Penal Code (Proposed Official Draft, 1962). After Morgan's trial, the Alaska State Legislature enacted AS 12.45.083 which *inter alia* defines an insanity test patterned on § 4.01 of the Model Penal Code AS 12.45.083 reads:

> (a) A person is not responsible for criminal conduct if at the time of the conduct, as a result of mental disease or defect, he lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law.

(b) Reliance on mental disease or defect as excluding responsibility is an affirmative defense. The burden of proof beyond a reasonable doubt does not require the prosecution to disprove an affirmative defense unless and until there is evidence supporting the defense. The requirement of evidence supporting the affirmative defense is not satisfied solely by evidence of an abnormality which is manifested only by repeated criminal or otherwise antisocial conduct.

(c) If the defendant is acquitted on the ground of mental disease or defect excluding responsibility, the verdict and the judgment shall so state.

(d) When a person offers a defense based on mental disease or defect excluding responsibility for his criminal conduct, he may waive a jury trial without the consent of the state.

AS 12.45.083 does not apply to Morgan's trial since there is nothing in the language of the statute to suggest that the legislature intended it to operate retroactively. *See* AS 01.10.090; Stephens v. Rogers Constr. Co., 411 P.2d 205, 208 (Alaska 1966).

4. Our disposition makes unnecessary any consideration of Morgan's other specifications of error. However, we briefly note Morgan's argument that the trial court erred by failing to instruct the jury on the consequences of acquittal by reason of insanity. In Schade v. State, 512 P.2d 907 (Alaska, 1973), we held that it was error to refuse to so instruct the jury.

We also point out that if Morgan raises the insanity defense when he is retried, the trial court's treatment of that defense will be governed by AS 12.45.083.