(No. 25283.

ORIAN J. ELLES, Exrx., Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE HERRIN SUPPLY COMPANY *et al.* Defendants in Error.)

*Opinion filed December 12, 1940.*

CHARLES C. MURRAH, for plaintiff in error.

STONE & FOWLER, for defendants in error.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Plaintiff in error filed with the Industrial Commission a claim for compensation on account of the death of Albert K. Elles, her husband. After a hearing, the arbitrator entered an award in her favor and against the Herrin Supply Company. On review before the Industrial Commission the Hardware Casualty Company was made a party respondent, additional evidence was introduced, and the commission reversed the finding of the arbitrator on the ground that Elles, at the time of the accident, was acting as executive manager of the Herrin Supply Company and was, therefore, not entitled to compensation. On *certiorari* to the circuit court of Williamson county the cause was designated "Law No. 3967." That court reversed the decision of the Industrial Commission and directed that it hear additional evidence.

At the conclusion of this hearing the commission again entered an award denying compensation. Plaintiff in error received notice of this decision July 12, 1937. Seven days later she filed with the circuit clerk of Williamson county a *praecipe* for a writ of *certiorari* and writs of *scire facias,* together with a receipt from the Industrial Commission showing the probable cost of the transcript of the record had been paid. On the same day, the clerk issued a writ of *certiorari* to the Industrial Commission and writs of *scire facias* to the Herrin Supply Company and the Hardware Mutual Casualty Company, returnable August 10, 1937, which date fell on a Tuesday, mailed copies to them, and made his certificate of mailing. All these instruments were filed and given the number "Law No. 3967" and placed in the files designated "Orian J. Elles, Executrix of the Estate of Albert K. Elles, deceased, Petitioner, v. Herrin Supply Company, a corporation, and Hardware Mutual Casualty Company, a corporation, respondents." No filing fee was paid. The Industrial Commission filed a transcript of the

record. Defendants in error entered a special appearance for the sole purpose of questioning the jurisdiction of the circuit court and moved to quash the writ of *certiorari* on these grounds: (1) The case was not filed in the circuit court within twenty days after July 12, 1937, the date on which plaintiff in error received notice of the decision of the commission; (2) the claim should have been filed by plaintiff in error individually instead of as executrix, and (3) the writs of *certiorari* and *scire facias* were not returnable on a first or third Monday. Plaintiff in error filed a motion to strike the words "Executrix of the estate of Albert K. Elles," wherever they appeared and to change the date "10th" to "9th" throughout the record. This motion was denied and a judgment of dismissal entered. We allowed a petition for writ of error to review that judgment.

Defendants in error assert the requirement of section 19(f) 1 of the Workmen's Compensation act (Ill. Rev. Stat. 1939, chap. 48, par. 156(f) 1) that "such suit by writ of *certiorari* shall be commenced within twenty days of the receipt of notice of the decision of the commission" was not met for the reason that the $10 docket fee was not paid and also because this suit was not given a new number but was designated as "Law No. 3967," the same number as the first *certiorari* suit. It is not disputed that this new decision of the Industrial Commission could be reviewed only by a new and independent writ of *certiorari*. (*Western Shade Cloth Co.* v. *Industrial Com.* 325 Ill. 570.) They rely on section 31 of the Fees and Salaries act (Ill. Rev. Stat. 1939, chap. 53, par. 31) which, in part, provides that "The fees of the clerk of the circuit court * * * shall be paid in advance," etc. It is true this provision was not complied with, but such a failure does not go to the matter of jurisdiction. The *praecipe* was actually filed and the writs of *certiorari* and *scire facias* were issued by the clerk. The fact that payment of the filing fee in advance was not insisted on by the clerk did not prevent the court from ac-

quiring jurisdiction, (*Dowie* v. *Chicago, Waukegan and North Shore Railway Co.* 214 Ill. 49,) nor did the clerk's failure to enter a new case on the docket as provided by section 16 of the act relating to clerks of courts (Ill. Rev. Stat. 1939, chap. 25, par. 16) and rule No. 23 of this court (370 Ill. 27) affect the court's jurisdiction. The requirements are merely directory to the clerks. *Day* v. *Graham*, 1 Gilm. 435.

It is argued the writ of *certiorari* was properly quashed because the claimant was described in the application for adjustment of claim as "Orian J. Elles, Executrix of the Estate of Albert K. Elles, Deceased," instead of as Orian J. Elles individually or as widow. Section 7(g) of the Workmen's Compensation act (Ill. Rev. Stat. 1939, chap. 48, par. 144(g)) states that compensation in death cases shall be paid "to the persons who form the basis for determining the amount of compensation to be paid by the employer, the respective shares to be in the proportion of their respective dependency at the time of the injury," etc. The record discloses that Orian J. Elles was the sole dependent of the deceased employee. It also shows that, at the suggestion of one of the attorneys for the employer, it was stipulated that notice and demand were duly and properly given, and, in counsel's own language: "We can stipulate that Orian J. Elles is the legal widow of Albert K. Elles and dependent upon him under the provisions of the act." He further stipulated she was the duly qualified and acting executrix and "that it is the same executrix that is the widow." Later he stated: "We have stipulated the dependency of the widow and notice and demand." In view of this, defendants in error were in no position to raise this question for the first time in the circuit court. By entering into this stipulation they must be deemed to have waived the question of whether Orian J. Elles was properly described in the application. The stipulation shows she was regarded as and was in fact the beneficial party, the de-

pendent widow. Since she was the sole dependent no one can be injured if the money is paid to her as executrix. We, therefore, hold this constituted no ground for quashing the writ.

In our opinion it was unnecessary, in order to confer jurisdiction on the circuit court, that the writs of *certiorari* and *scire facias* should have been made returnable on the first or third Monday. Rule No. 4 of this court (370 Ill. 14) adopted pursuant to and supplementary of the Civil Practice act, covers the subject of summons and, among other things, states: "The first and third Mondays in each calendar month shall be return days." Section 19(f) 1, of the Workmen's Compensation act, *supra,* provides: "Such writ of *certiorari* and writ of *scire facias* shall be issued by the clerk of such court upon *praecipe* returnable on a designated return day, not less than ten or more than sixty days from the date of issuance thereof." It must be noted that the return day in cases arising under the Workmen's Compensation act must be not less than ten days, and the return day for summons provided by rule No. 4 must be not less than twenty days, from issuance. The precise question before us is whether that part of the Civil Practice act, or rule No. 4 of this court, which provide that the first and third Mondays of each month shall be return days, applies to workmen's compensation cases.

Section 1 of the Civil Pràctice act (Ill. Rev. Stat. 1939, chap. 110, par. 125) reads, in part: "The provisions of this act shall apply to all civil proceedings, both at law and in equity, unless their application is otherwise herein expressly limited, in courts of record, except in * * * other actions in which the procedure is regulated by special statutes." Rule No. 2 of this court (370 Ill. 13) provides: "In the actions referred to by section 1 * * * of the Civil Practice act, the separate statutes shall control, to the extent to which they regulate procedure in such actions, but the Civil

Practice act shall apply to matters of procedure not so regulated by separate statutes."

The procedure by which awards of the Industrial Commission may be reviewed is regulated by section 19 of the Workmen's Compensation act. Proceedings under this act are purely statutory and the circuit court can obtain jurisdiction to review such proceedings only in the method prescribed by the act. (*Western Shade Cloth Co.* v. *Industrial Com. supra.*) The writ of *certiorari* by which decisions of the Industrial Commission are reviewed is not the common law writ, but is a statutory writ, and the circuit court has only such powers as the statute confers. (*Nierman* v. *Industrial Com.* 329 Ill. 623.) In compensation cases the circuit court can look to the provisions of the Workmen's Compensation act, alone, to determine whether it has jurisdiction of the persons of the litigants. (*Levy* v. *Industrial Com.* 346 Ill. 49.) The *Levy case* held the circuit court had no jurisdiction because the provisions of the Workmen's Compensation act then in force pertaining to when the writs were returnable, were not complied with.

Thus, it is apparent that the provisions of the Civil Practice act and rules of this court do not apply to cases arising under the Workmen's Compensation act, in so far as or to the extent that the procedure is regulated by section 19 of the Workmen's Compensation act. That section states that such writs shall be returnable "on a designated return day, not less than ten or more than sixty days from the date of issuance thereof." In this language can be found no requirement that the designated return day shall coincide with the return days fixed under the Civil Practice act. The only requirement is that the day designated in the *praecipe* as return day shall be not less than ten nor more than sixty days from the date of issuance thereof. There would be no justification for our reading into this statute that part of rule No. 4 concerning return days. Nor is

there any reason to invoke rule No. 2 of this court, that the Civil Practice act shall apply to matters of procedure not regulated by separate statutes. The matter of when the writs of *certiorari* and *scire facias* are returnable is regulated by the Workmen's Compensation act. In such case, that same rule provides the provisions of the separate statute shall apply. To uphold defendants in error's contention would be to read into the statute an additional element not found therein.

The judgment of the circuit court is reversed and the cause remanded, with directions that the court proceed to a hearing on the merits.

*Reversed and remanded, with directions.*