ROBERT S. GANJA, Plaintiff-Counterdefendant, Appellee, *v.* OLIVE JOHNSON, Defendant-Counterplaintiff, Appellant.

(No. 55530;

First District—July 5, 1972.

Arnold and Kadjan, of Chicago, for appellant.

Gates W. Clancy, of Chicago, (James S. Mills, of counsel,) for appellee.

Mr. JUSTICE LYONS delivered the opinion of the court:

This is an appeal by Olive Johnson from a dismissal of her counterclaim.

On April 7, 1965, Robert Ganja filed a complaint against Olive Johnson for property damage resulting from an automobile accident of April, 1964. Johnson answered the complaint in due course and on August 11, 1965, by leave of court, filed a counterclaim for personal injuries. The parties undertook discovery and prepared for trial. The case was put on the trial call in March of 1970 but on June 15, 1970, Ganja moved to dismiss Johnson's counterclaim because no filing fee had ever been paid for the counterclaim. A hearing on the motion to dismiss was conducted and the court, concluding that it had no jurisdiction over the subject matter of the counterclaim because of Johnson's failure to pay the filing fee, dismissed the counterclaim. Johnson's subsequent petition to vacate the dismissal was denied and this appeal ensued.

The sole issue necessary for this court to determine is whether Johnson's failure to pay the appropriate filing fee for her counterclaim deprived the court of jurisdiction over the subject matter of the counterclaim.

In this connection, we note that no filing fee was required for a counterclaim prior to August 5, 1965. At that time, some six days prior to the filing of the counterclaim in this case, the following provision of Ill. Rev. Stat. 1965, ch. 53, par. 31.1 became effective:

\* \* \*

When any defendant files a counterclaim as part of his answer or otherwise, he shall pay to the clerk a fee in an amount equal to the amount he would have been required to pay had he brought a separate action for the relief sought in the counterclaim, less the amount of the appearance fee, if that has been paid.

\* \* \*

The purpose of this provision is to establish the amount of the fee to be collected by the clerk upon the filing of a counterclaim. The provision does not, as appellee suggests, prevent the court from acquiring jurisdiction over the subject matter of a counterclaim which is accepted for filing by the clerk, but for which no filing fee is paid.

**⊕ 1-5** The court clerk is, of course, an officer of the court insofar as the filing of documents is concerned. He also must collect fees and transfer the fees collected to the county treasurer, where they become part of the revenue of the county. (Ill. Const. 1870 art. X, par. 9 [in effect when

the instant controversy arose]; Ill. Rev. Stat. 1965, ch. 33, par. 29.) It is clear that by virtue of his dual capacity, the clerk may refuse to accept a counterclaim for filing unless the fee is paid and, in such event, the court acquires no jurisdiction over the subject matter of the counterclaim. This jurisdictional failure does not occur because the fee has not been paid, but rather because the counterclaim is not filed of record in the court. However, where the clerk accepts a counterclaim for filing without collecting the fee, as occurred in the instant case, the court does acquire jurisdiction over the subject matter. The fee requirement is directory only. *Elles v. Industrial Com.* (1940), 375 Ill. 107, 111, 30 N.E.2d 615.

In our opinion, therefore, the court below acquired jurisdiction over the subject matter of the counterclaim when the counterclaim was accepted and filed of record by the clerk. Hence, when the court became aware that Johnson had not paid the filing fee for her counterclaim, it should properly have ordered the fee paid before it proceeded in the matter. The harsh sanction of dismissal should have been considered only upon Johnson's noncompliance with the order for payment. In this connection, we note that Johnson's counsel stated in oral argument before this court that Johnson has been ready and willing to pay the fee since the issue first arose. Accordingly, we reverse the judgment of the trial court and remand the cause with directions that the counterclaim be reinstated upon payment of the required filing fee by defendant-counterplaintiff.

One additional matter requires our attention before we conclude. It appears from the record that Ganja moved to dismiss his suit against Johnson after the latter's counterclaim had been dismissed. Counsel for both sides have suggested that this action was taken only to clear the entire case from the docket of the trial court. During oral argument, counsel agreed that should this court reinstate the counterclaim, it would also be just and equitable to restore the case-in-chief. Pursuant to that stipulation and in the interest of fairness, we also direct that the complaint of plaintiff-counterdefendant be reinstated.

On payment by Olive Johnson of the filing fee the order of dismissal of the counterclaim is reversed and cause is remanded with directions to restore the complaint of Robert Ganja and for further proceedings not inconsistent with these views.

Reversed and remanded with directions.

GOLDBERG, P. J., and BURKE, J., concur.