NORMA HANKS, Plaintiff-Appellee, *v.* JOSEPH FLOYD, Defendant-Appellant.

Fourth District   No. 14327

Opinion filed August 31, 1977.—Rehearing denied September 28, 1977.

Robert W. Dodd, of Virden, for appellant.

William R. Heiss and James V. Mancuso, both of Whitley, Suter, Heiss & Mancuso, of Decatur, for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

On November 15, 1974, an automobile collision occurred involving vehicles driven by the plaintiff Hanks and the defendant Floyd.

A complaint in which the plaintiff sought money damages for personal injuries against the defendant was mailed for filing to the clerk of the circuit court on November 10, 1976, but the filing fee was not enclosed. The plaintiff, in an accompanying letter, notified the clerk that the filing fee would be paid promptly upon receipt of a billing statement. On November 12, a letter was sent from the clerk's office informing the plaintiff to pay the filing fee. On November 15, the plaintiff's attorney spoke by telephone with an employee of the clerk of the circuit court. During that conversation, the plaintiff's attorney assured the employee that the filing fee would be forwarded by mail, and the employee agreed to file the complaint on November 15. The employee stamped the complaint with the filing date of November 15, and on November 15, the plaintiff mailed the filing fee to the clerk's office. The fee arrived on November 17, and when the clerk himself discovered that the fee had not been paid until that time, the clerk changed the file stamp date to read November 17.

On motion by the defendant to dismiss the action for failure to comply with the two-year statute of limitations (Ill. Rev. Stat. 1973, ch. 83, par. 15), the trial court dismissed the complaint. The plaintiff appeals.

■■ As preliminary matters, we note (1) that the statute of limitations provides that an action for personal injuries "shall be commenced within

two years next after the cause of action accrued" (Ill. Rev. Stat. 1973, ch. 83, par. 15); (2) that the cause of action here accrued on November 15, 1974; (3) that an action is commenced by the filing of a complaint (Ill. Rev. Stat. 1973, ch. 110, par. 13); and (4) that, therefore, the complaint in this case must have been filed on or before November 15, 1976, in order to comply with the limitation's provision. Further, we take notice that, as a matter of necessity, the clerks of the circuit courts delegate to their employees the authority to file documents.

■■ The sole issue to be decided is whether payment in advance of the filing fee is a condition precedent to the "filing of a complaint," for the effect of the trial court's order of dismissal was to hold that it is. Although by statute the fees of the clerk of the circuit court "shall be paid in advance" (Ill. Rev. Stat. 1973, ch. 53, par. 31), this language has been interpreted to be merely directory, not mandatory. In *Elles v. Industrial Com.* (1940), 375 Ill. 107, 30 N.E.2d 615, the plaintiff sought to appeal a decision of the Industrial Commission to the circuit court. However, the plaintiff did not pay the filing fee. The clerk of the circuit court filed the action even though a statute provided that fees of the clerk "shall be paid in advance." The supreme court held that the statute was merely directory to the clerk and that the failure to pay the filing fee did not deprive the circuit court of jurisdiction.

Although the filing fee has not been paid, the clerk has the authority to file the complaint. Here, the clerk, through his authorized employee, filed the complaint on November 15, 1976, which satisfied the requirement of the two-year statute of limitations. Accordingly, the order of dismissal of complaint is reversed, and the cause is remanded for further proceedings.

Reversed and remanded with directions.

REARDON and SLATER, JJ., concur.