VINCENT PETRELLA, SR., Plaintiff-Appellant, *v.* RONALD LEISKY *et al.*, Defendants.—(CAIRNS & BROTHERS, INC., Defendant-Appellee.)

First District (2nd Division)    No. 79-1968

Opinion filed January 27, 1981.

Sandman, Levy & Moltz, of Chicago, for appellant.

Schaffenegger, Watson & Peterson, Ltd., of Chicago, for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiff Vincent Petrella, a fireman for the village of Melrose Park, was injured when the fire truck on which he was riding was involved in a collision. Plaintiff filed an action within the statutory limitations period, joining the driver and owner of the other vehicle involved in the collision, and several parties involved in the manufacture of the fire truck. The instant appeal is an interlocutory one, taken by plaintiff when the trial court dismissed plaintiff's supplemental complaint against Cairns & Brothers, Inc.

Cairns manufactured the helmet worn by plaintiff when he was injured in the collision. Plaintiff did not join Cairns in his original complaint on May 9, 1979, but filed a document entitled "Complaint at Law, Supplemental Count[s]" on May 23, 1979, which document purported to join Cairns as an additional defendant in the lawsuit. The

pleading of May 23 was filed without leave of court and without notice to other parties. The statutory limitations period expired on May 27, 1979, and Cairns argues that the pleading filed without leave of court was a nullity, and that Cairns was not properly joined within the limitations period. Plaintiff contends that the pleading, whether or not effective to join Cairns to the lawsuit, should nevertheless toll the running of the statute of limitations.

Plaintiff's appellate brief contains one recurrent theme: that to affirm the dismissal of Cairns would be to exalt form over substance. Plaintiff, however, misconceives the relationship between "form" and "substance." Plaintiff implicitly argues that "formal" rules should not be allowed to frustrate his "substantive" claim against Cairns. In fact, without the "form" imposed by procedural rules, as embodied in the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 1 *et seq.*) and the Supreme Court Rules (Ill. Rev. Stat. 1979, ch. 110A, par. 1 *et seq.*), plaintiff's claims would be insubstantial and inchoate demands, incapable of resolution. (*Cf. Byrne Organization, Inc. v. Cantin* (1957), 16 Ill. App. 2d 31, 36, 147 N.E.2d 465 (purpose of the Civil Practice Act is to provide an orderly procedure to further the judicial process).) The provisions of the Civil Practice Act, rather than any contraposition of form and substance, will guide this court's review of the decision below.

Plaintiff's apparent purpose in his pleading of May 23 was to join an additional defendant, Cairns, to his pending lawsuit. This could have been accomplished by amending his original pleading, under section 46(1) of the Civil Practice Act, or by securing a court order remedying the nonjoinder of Cairns under section 26 of the Act. The label "Supplemental Counts," used by plaintiff on the May 23 pleading, is not correct because supplemental pleadings are employed to set forth matters arising after the original pleading has been filed. (See Ill. Rev. Stat. 1979, ch. 110, par. 39.) Furthermore, section 39 of the Act specifically requires that supplemental pleadings be filed with leave of court, and the fact that no leave was obtained in the instant case removes this situation from the ambit of section 39. Plaintiff is similarly unable to legitimize the May 23 pleading by resort to section 26, since that section provides only for addition of new parties by order of the court, and the trial court below made no order directing the joinder of Cairns. See *George F. Mueller & Sons, Inc. v. Volpe* (1979), 74 Ill. App. 3d 879, 880, 394 N.E.2d 51.

■■ If plaintiff's May 23 pleading is to be found effectual, it must fall within the purview of section 46(1). Section 46(1) allows a plaintiff to introduce new parties and new causes of action to the lawsuit. The controlling question is whether plaintiff may be permitted to amend his complaint and add a new claim against a new party without leave of court. The answer, as found in Illinois case law, is that he may not. (See

*Reinhardt v. Security Insurance Co.* (1936), 287 Ill. App. 320, 322, 4 N.E.2d 883 (failure to obtain leave to amend complaint is grounds for striking the amendment); *Hallmark Personnel, Inc. v. Pickens-Kane Moving & Storage Co.* (1980), 82 Ill. App. 3d 18, 22, 401 N.E.2d 1049; see also *George F. Mueller & Sons*, at 880 (parties added without leave of court; service of process and judgment held void); *Glickauf v. Moss* (1974), 23 Ill. App. 3d 679, 681, 320 N.E.2d 132 (record did not reflect that leave to add defendant was granted, therefore court had no jurisdiction over that person).) The necessity of leave of court is also implicit in cases holding that plaintiff's right to amend his complaint is not absolute, and that, while permission is to be liberally allowed, the trial court has discretion to deny leave to amend a complaint. See, *e.g., Beresky v. Teschner* (1978), 64 Ill. App. 3d 848, 856, 381 N.E.2d 979.

Plaintiff argues that, on the date his supplemental pleading was filed, the limitations period had not expired and plaintiff could have filed at that time a separate action against Cairns without leave of court. Regardless of what plaintiff *could have* done, what he *did* was to file the supplemental complaint as an adjunct to his pending case. Plaintiff's attempted joinder placed his supplemental pleading under the authority of the trial court and made leave of court a prerequisite to the amendment. Plaintiff's observation that an action which he did not take would have preserved his rights adds nothing to the force of his argument.

Plaintiff argues that the filing on May 23 of his supplemental pleading should toll the running of the statute of limitations. Plaintiff's contention is a novel one, and is not supported by precedent. *Hanks v. Floyd* (1977), 51 Ill. App. 3d 1048, 367 N.E.2d 483, cited by plaintiff, is not on point. There, a litigant who filed his complaint on the last possible day, and was late in remitting the filing fee, was allowed to maintain his action, since nonpayment of the fee did not deprive the circuit court of jurisdiction. (*Hanks*, at 1050, citing *Elles v. Industrial Com.* (1940), 375 Ill. 107, 30 N.E.2d 615.) This court has held, however, that a defendant added without leave of court is not a proper defendant and the trial court has no jurisdiction over that person. (See *Glickauf*, at 681.) More closely analogous to the case at bar are cases holding that the statute of limitations is not tolled by the filing of a complaint by a corporation disallowed from maintaining an action. (*Cf. Jorgensen v. Baker* (1959), 21 Ill. App. 2d 196, 202-03, 157 N.E.2d 773, *cert. denied* (1960), 361 U.S. 962, 4 L. Ed. 2d 543, 80 S. Ct. 590 (corporation barred from filing suit because of its failure to pay the franchise tax; attempt to file suit did not toll the statute of limitations); but *cf. Amman Food & Liquor, Inc. v. Heritage Insurance Co.* (1978), 65 Ill. App. 3d 140, 145-46, 382 N.E.2d 562 (situation similar to that in *Jorgensen*; corporation withstood motion to dismiss based on statute of limitations where motion was made after corporation regained

capacity to sue).) In the instant case, plaintiff had no right to file an amendment without leave of court. Furthermore, the filing of a complaint against Cairns with leave of court would not have tolled the statute of limitations, as the filing of a suit stops the running of the limitations period, but does not toll it. (See *Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 75, 387 N.E.2d 831.) We do not believe that an ineffective complaint should produce a result that a proper complaint could not have produced.

■■ The Limitations Act provides a 2-year limitations period for plaintiff's claim against Cairns (see Ill. Rev. Stat. 1979, ch. 83, par. 15), and none of the statutory exceptions to this period (see Ill. Rev. Stat. 1979, ch. 83, pars. 18 through 21) encompasses the facts of the case at bar. Plaintiff has not attempted to justify his pleadings by resort to section 46(4), and we agree that this is not a case for "relation back" of an amendment to the time of filing of the original complaint because plaintiff has not met the requirements of section 46(4). (See Ill. Rev. Stat. 1979, ch. 110, par. 46(4) (requiring, *inter alia*, that failure to join the party be inadvertent).) Nor could a future amended complaint, if allowed, relate back to the pleading of May 23, 1979, since an ineffective attempt to amend a complaint is a nullity. (*Cf. Register Gazette Co. v. Larash* (1903), 109 Ill. App. 236, 237-38 (applying prior law, appellate court found an attempted amendment, made without leave of court and after judgment, to be a nullity).) While the legislature, through the Civil Practice Act, intended to promote liberality in amendment of pleadings, section 46 does not deprive defendants of the protection of statutes of limitation. See *Walsh v. Central Cold Storage Co.* (1944), 324 Ill. App. 402, 415, 58 N.E.2d 325.

Accordingly, since plaintiff failed to effectively join Cairns within the applicable period of limitations, and since there is no cognizable basis for extending that period, we find that the trial court's dismissal of plaintiff's action against Cairns was proper, and we therefore affirm the dismissal.

Affirmed.

HARTMAN, P. J., and DOWNING, J., concur.