JEREMIAS N. AYALA, Plaintiff-Appellant, v. ROBERT L. GOAD *et al.*,
Defendants-Appellees.

Second District   No. 2—88—0142

Opinion filed December 1, 1988.

Gary B. Katz, of Benjamin & Shapiro, Ltd., of Chicago, for appellant.

George E. Krippner and Kathleen M. Krippner, of Law Offices of George E. Krippner, P.C., and Clancy & Krippner, of St. Charles, for appellees.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Jeremias N. Ayala, appeals from an order which dismissed his complaint against defendants, Robert L. Goad and Northern Illinois Gas Company, as an action which was not commenced within the time limited by law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(5).) Plaintiff contends that his complaint was in fact timely filed in the circuit clerk's office, and that it was thereafter improperly refiled by the circuit clerk at a time beyond the two-year statute of limitations for personal injury cases, and that the trial court abused its discretion in denying a rehearing. We reverse and remand.

On January 28, 1985, plaintiff was involved in an accident with a vehicle alleged to have been driven by defendant Robert Goad and owned by defendant Northern Illinois Gas Company. By cover letter dated December 30, 1986, addressed to the "Clerk of Kane County, Geneva, Illinois," plaintiff's attorney in Chicago sent the complaint in this case for filing, "along with our check in the sum of $52.00" and requested the clerk to forward to counsel stamped copies and forms to issue summons. It is undisputed between the parties that the circuit clerk received the letter and complaint and on January 5, 1987, stamped the complaint as filed at 2:35 p.m. that day and assigned case number L—KA—87—19 to it. It further appears from the record that at some time after the initial filing of plaintiff's complaint an unknown employee of the circuit clerk's office crossed out the January 5, 1987, filing date and the complaint was restamped as having been filed on March 25, 1987, at 2:51 p.m. and the new docket number of L—KA—87—260 was assigned by the circuit clerk. Summons was issued for service upon the defendants on April 17, 1987, and on June 4, 1987, defendants filed their motion to dismiss on the grounds that it appeared on the face of the complaint that the action was barred by the statute of limitations.

At the hearing of defendants' motion to dismiss, deputy circuit clerk Michael Fitzpatrick testified that the circuit clerk requires payment of the statutory filing fee before a complaint will be accepted, but that the office has a procedure noted in the circuit clerk's direc-

tive No. 84—7 which was developed as a courtesy to the attorneys. It provides that where the appropriate fee is not submitted with any document sought to be filed, the office staff will telephone the sender of the document to so advise them. The sender will also be advised that the clerk will hold the document for five business days and, if the fee has not yet been received, it will be returned to the sender. Fitzpatrick further testified he had reviewed the cash receipt records of the clerk's office and could locate no record of money received from plaintiff in the present case for filing on January 5, 1987, but did find a copy of a check which corresponded to the revised filing of the case on March 25, 1987.

Terry Bonye, an employee of the clerk's office, testified that she had entered the plaintiff's complaint in the computer on January 9, 1987, but had deleted it seven minutes later. The witness had no independent recollection of the matter, or of advising plaintiff's attorneys the filing fee was missing, but her initials and terminal number appeared on the computer printout. She acknowledged that a check could be misplaced.

Jan Carlson, the clerk of the circuit court, testified to the courtesy policy, developed several years previously, to notify a lawyer who filed a complaint by mail if the filing fee was not enclosed. A telephone call is to be made to the attorney on the day such a complaint is received advising of that fact and that the paperwork would be held for five days for remission of the fee. It was the clerk's policy to file stamp such documents when received and, if payment is not received, to scratch out or otherwise remove the filing notations from the document.

Marilyn Kennedy, a deputy circuit clerk, testified that her handwriting and signature appeared on the front of the cover letter dated December 30, 1986, which was sent by plaintiff's attorneys when they mailed the complaint to the clerk's office. The signature followed a notation on the letter regarding service of summons, but no mention was made of a missing filing fee. Kennedy had no personal recollection as to whether the filing fee had been included with the complaint. She further testified that the file stamp on the complaint of January 5, 1987, was the official stamp of the circuit clerk, and that she had processed the complaint on March 25, 1987, and a check for the filing fee had been received by the clerk at that time. The letter was admitted in evidence for the limited purpose of showing that the circuit clerk returned it to plaintiff's attorneys with a notation as to summons, but made no mention of a missing filing fee.

The trial court concluded that receipt of the filing fee by the clerk

is a condition precedent to the filing of a complaint and, as plaintiff offered no direct evidence that a check had been sent with the complaint, that it was not taken into the custody of the circuit clerk until the March 25 filing date, after the limitations period had run.

Plaintiff moved for a rehearing, representing that he wished to offer evidence that the check for the filing fee was sent with the complaint; however, the trial court found that as such evidence could have been offered at the original hearing it was not newly discovered and denied the rehearing.

We consider first whether plaintiff's complaint was timely filed on January 5, 1987, within the statute of limitations.

■■ Our supreme court has considered the circumstances which will be regarded as the filing of a document, as follows:

"[T]o file a paper in a cause it must be placed in the hands and under the control of the clerk. It must pass into his exclusive custody and remain within his power. *** [T]he purpose and object is to render it a part of the records of his office, and that object must be communicated to him in some manner capable of being understood." *Brelsford v. Community High School District No. 36* (1927), 328 Ill. 27, 34, 159 N.E. 237, 240.

*Hamilton v. Beardslee* (1869), 51 Ill. 478, 480.

The file mark on a paper constitutes *prima facie* evidence that it was delivered to the proper officer for filing on the date indicated by the file mark. (*Gage v. Nichols* (1890), 135 Ill. 128, 133, 25 N.E. 672, 673; see 1 C. Nichols, Illinois Civil Practice §380 (1984).) After the clerk has put his mark on it and docketed the case, the papers in a cause become the files of the court and cannot be withdrawn without leave of the court. (*Coles v. Terrell* (1896), 162 Ill. 167, 169-70, 44 N.E. 391, 392.) More recently, this court has stated that the actual filing date of a petition (like a complaint) is when it is received and stamped by the circuit clerk's office. *Wilkins v. Dellenback* (1986), 149 Ill. App. 3d 549, 553-54, 500 N.E.2d 692, 695-96, *appeal denied* (1987), 113 Ill. 2d 586, 505 N.E.2d 363.

At the evidentiary hearing held in the present case, the parties placed much emphasis on whether the filing fee had been paid in order to determine if January 5, 1987, was the true filing date rather than March 25, 1987. Defendants relied upon section 27.1 of "An Act to revise the law in relation to clerks of courts" (Ill. Rev. Stat. 1987, ch. 25, par. 27.1) and *Oil Well Supply Co. v. Wickwire* (E.D. Ill. 1943), 52 F. Supp. 921, for their argument that the payment of a fee is a condition precedent to the filing of a document, and the trial court found this was the law to be applied. However, such is not the

current law of Illinois.

■■ It is well established that the statutory requirement that filing fees be paid in advance is directory rather than mandatory and, therefore, it is not a necessary predicate for the trial court to acquire jurisdiction of a case. (*In re Marriage of Savas* (1985), 139 Ill. App. 3d 68, 74, 486 N.E.2d 1318, 1323.) Although a filing fee has not been paid, the clerk has the authority to file a complaint, and it is now clear that the payment in advance of a filing fee is not a condition precedent to the filing of a complaint for statute of limitations purposes. *Hanks v. Floyd* (1977), 51 Ill. App. 3d 1048, 1050, 367 N.E.2d 483, 484.

The present case falls squarely within the holding of *Hanks*, in which the court held that a personal injury complaint was timely filed within the statute of limitations even though the filing fee had not been paid on the filing date, and even though when the filing fee arrived two days later and the clerk discovered that the fee had not been paid, the clerk changed the file stamp date. (See *Ruffin v. Department of Transportation* (1981), 101 Ill. App. 3d 728, 732, 428 N.E.2d 628, 631.) *Ruffin* also emphasizes that without leave of the court, the clerk has no authority to file documents as of any other date than that on which they are received, as to alter the date upon which a complaint is filed is to alter the rights of the parties and may not be done without judicial approval. (*Ruffin*, 101 Ill. App. 3d at 732, 428 N.E.2d at 631.) It is not a ministerial, but is a judicial, function to determine that papers shall be filed *nunc pro tunc* as of a date other than their actual reception by the clerk. *Radloff v. Haase* (1902), 197 Ill. 98, 100, 64 N.E. 557.

■■ The circuit clerk's practice of filing then changing the filing dates on documents where fees were not paid created the situation in the present case. Such a practice impermissibly encroaches upon the judicial authority and casts doubt upon the reliability of the dates on which documents have been filed with his office. We point out that the clerk may refuse to accept a document unless the fee is paid (Ill. Rev. Stat. 1987, ch. 25, par. 27.1); however, where the clerk has accepted a document for filing without the fee, file stamps it and assigns a docket number, as occurred in the present case, the circuit court nevertheless acquires jurisdiction of the case. Where the court becomes aware that the fee has not been paid, it may properly order the fee paid before proceeding with the matter, but the harsh remedy of dismissal with prejudice should be considered only upon plaintiff's noncompliance with an order for payment. See generally *Ganja v. Johnson* (1972), 6 Ill. App. 3d 701, 703, 286 N.E.2d 775, 777.

■ Here, it is undisputed that the complaint was received and file stamped as of January 5, 1987. It is clear that by file stamping the complaint and assigning a docket number, the clerk's office filed the complaint on January 5, 1987, notwithstanding that the fee may not have been paid, and it was then in the exclusive custody and control of the clerk's office and a part of the records of the circuit court. The filing date of the complaint could not thereafter be changed by the clerk of the circuit court as he has no authority to do so without leave of court. It necessarily follows that plaintiff's complaint was timely filed within the period of the statute of limitations and the trial court erred in dismissing it on that ground.

Accordingly, the judgment of the circuit court is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

DUNN and UNVERZAGT, JJ., concur.