DAVID J. MATTERN, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Rowe Construction Company, Appellee).

Third District (Industrial Commission Division)   No. 3—90—0769WC

Opinion filed July 26, 1991.

McCULLOUGH, P.J., dissenting.

Elmo E. Koos, Sr., of Peoria, for appellant.

Mark S. Fine, of Ganan & Shapira, of Chicago, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The petitioner, David J. Mattern, appeals the Industrial Commission's (Commission's) dismissal of his petition for review. The relevant facts are not in dispute. The petitioner initially filed a compensation claim against the respondent, Rowe Construction Company. The record does not disclose the nature of the claim or the arbitrator's decision. The petitioner received a copy of the arbitrator's decision on June 27, 1988. On July 5, 1988, he mailed a petition for review to the Commission. On

the same date, he mailed a copy of the petition to the respondent's attorney, who received it the next day.

On July 11, 1988, the petition for review arrived at the Industrial Commission office with 20 cents postage due. An employee of the Commission refused delivery. On July 19, 1988, the petitioner received the returned petition. When he later refiled the petition, the respondent moved to dismiss on the ground that it had not been filed within the 15-day time limit mandated by the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(b)).

The Industrial Commission found that the petitioner had not strictly complied with section 19(b) and dismissed the petition. The circuit court confirmed the Commission's decision. On appeal, the petitioner contends that although he mailed the petition with insufficient postage, he still met the requirements of section 19(b).

■■ Initially, we note that section 19(b) states that within 15 days of receipt of the arbitrator's decision, a party must file a petition for review with the Commission. (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(b).) The party must strictly comply with the filing requirement (*Northwestern Steel & Wire Co. v. Industrial Comm'n* (1967), 37 Ill. 2d 112, 224 N.E.2d 853), and its failure to do so results in the Commission's loss of jurisdiction over the appeal (*Wiscons v. Industrial Comm'n* (1988), 176 Ill. App. 3d 898, 531 N.E.2d 956).

■■ ■ In this case, we find that the Commission should not have granted the motion to dismiss. The Act is humane legislation designed to provide employees with prompt and definite compensation, and it should be liberally construed to effect its purpose. (*General American Life Insurance Co. v. Industrial Comm'n* (1983), 97 Ill. 2d 359, 454 N.E.2d 643.) Here, the Commission received the petition within the prescribed time limit. The amount of insufficient postage was small, and the failure to provide the correct postage appears to have been inadvertent. Additionally, the respondent was not prejudiced, as its attorney received the petition within the 15-day time period. Based on the foregoing, we find that the petitioner sufficiently complied with the requirements of section 19(b).

The judgment of the circuit court of Peoria County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LEWIS, WOODWARD, and McNAMARA, JJ., concur.

PRESIDING JUSTICE McCULLOUGH, dissenting:

The Commission should not be required to pay money to file a review proceeding with itself.

Under section 19(b) a party must "file" a petition for review within 15 days.

In the instant case, the petition for review was not filed. The mailing which contained the petition for review did not have sufficient postage and the appellant does not assert that it did. Because of postage due, the Commission clerk refused the mailing.

In *Elles v. Industrial Comm'n* (1940), 375 Ill. 107, 30 N.E.2d 615, the supreme court held that where the clerk "filed" the review action without receiving the fee in advance, the failure to pay did not deprive the circuit court of jurisdiction.

Likewise, in *Hanks v. Floyd* (1977), 51 Ill. App. 3d 1048, 367 N.E.2d 483, the plaintiff mailed a complaint for filing to the clerk of the circuit court but the filing fee was not enclosed. The plaintiff in an accompanying letter notified the clerk the filing fee would be paid promptly upon receipt of the billing statement. During a subsequent telephone conversation, an employee of the clerk's office agreed to file the complaint on November 15. On November 17, the fee was received by the clerk, who then changed the file stamp to November 17, two days after the statute of limitations had expired. The court held that "Although by statute the fees of the clerk of the circuit court 'shall be paid in advance' [citation], this language has been interpreted to be merely directory, not mandatory." (*Hanks*, 51 Ill. App. 3d at 1050, 367 N.E.2d at 484.) The *Hanks* court concluded by saying although the filing fee was not paid, the clerk has authority to file the complaint.

Here the Commission clerk did not file the petition for review but refused the mailing. Whether the Commission clerk has a petty cash fund or other monies on hand to pay out in such cases is unknown. The Commission has no duty to accept a mailing with postage due. Query, would the majority result be the same if the Commission clerk had no petty cash fund or resources to pay the $0.20?

*Elles* and *Hanks* said the payment of the filing fee was directory, not mandatory. In both cases, the clerk could have refused to file the pleading but did not.

We are not talking about the Commission filing a pleading without receiving a fee. We are requiring the Commission clerk to pay money out of its funds for postage—in order to receive an envelope, determine the contents and file a pleading—which is the responsibil-

ity of the party seeking review.

In *Ayala v. Goad* (1988), 176 Ill. App. 3d 1091, 531 N.E.2d 1040, the clerk of the circuit court testified to a courtesy policy notifying lawyers when complaints were sent by mail without the filing fee enclosed. The clerk would file the documents, notify the attorney involved, and if payment was not received, would scratch out or otherwise remove the filing notations from the document. As stated in *Hanks* and *Elles*, the *Ayala* court stated:

> "It is well established that the statutory requirement that filing fees be paid in advance is directory rather than mandatory and, therefore, it is not a necessary predicate for the trial court to acquire jurisdiction of a case. (*In re Marriage of Savas* (1985), 139 Ill. App. 3d 68, 74, 486 N.E.2d 1318, 1323.) Although a filing fee has not been paid, the clerk has the authority to file a complaint, and it is now clear that the payment in advance of a filing fee is not a condition precedent to the filing of a complaint for statute of limitations purposes. *Hanks v. Floyd* (1977), 51 Ill. App. 3d 1048, 1050, 367 N.E.2d 483, 484." (*Ayala*, 176 Ill. App. 3d at 1095, 531 N.E.2d at 1043.)

The *Ayala* court further stated that "the clerk may refuse to accept a document unless the fee is paid." *Ayala*, 176 Ill. App. 3d at 1095, 451 N.E.2d at 1043.

The petitioner argues that the physical location of the Commission office makes the parties in compensation cases dependent upon mail service. *Arrington v. Industrial Comm'n* (1983), 96 Ill. 2d 505, mentions problems with delays in mail service, but the supreme court determined such problems do not excuse compliance with the structures of the Workers' Compensation Act. The *Arrington* court stated:

> "We recognize the hardship that strict compliance with section 19(f)(1) imposes upon attorneys whose offices are located at a distance from the office of the Industrial Commission. Quite often delays in mail service make it difficult for an attorney to mail his check to the Industrial Commission and receive a receipt back in time to file the praecipe for *certiorari* with the circuit clerk within 20 days of the receipt of notice of the decision of the Commission. The clear language of the statute does not permit this court to ignore its mandate." *Arrington*, 96 Ill. 2d at 511-12, 451 N.E.2d at 869.

Here, there is no evidence to show the Commission clerk knew what was enclosed in the mailing, specifically that it was a petition

for review. There was no duty to accept the "postage due" envelope. The mandate of the majority will require the Commission clerk to pay "postage due" and accept all mailings. Such a procedure just will not work. It is not a duty or prerogative of the Commission clerk to guess what the mailing is, pay the postage due, and, if it is a petition for review, file it.