*In re* MARRIAGE OF BARBARA LINN, n/k/a Barbara Nease, Petitioner-Appellee, and HERBERT LINN, Respondent-Appellant.

Second District   No. 2—93—0149

Opinion filed April 15, 1994.

Wesley R. Pribla, of Woodstock, for appellant.

Cynthia J. Briscoe, of Briscoe & Carroll, of Crystal Lake, for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:
Herbert Linn (the father) appeals from a January 4, 1993, order of the circuit court of McHenry County which dismissed his special

appearance, finding that the father entered a general appearance. We reverse and remand.

The father and Barbara Linn, n/k/a Barbara Nease (the mother), had their marriage dissolved in California on October 5, 1979. On May 6, 1992, the mother petitioned to enroll the California dissolution judgment in Illinois. Also on May 6, 1992, a summons was issued by the circuit court to the father, a staff sergeant in the Marine Corps stationed in North Carolina. On July 17, 1992, the mother filed a motion in the McHenry County circuit court to modify the dissolution judgment and increase the child support she was to receive from the father. Notice of the motion, set for hearing on October 28, 1992, was sent to the father, who was then stationed in Tennessee.

On October 22, 1992, the father drafted a letter and a document he titled "Special Appearance to Contest Personal Jurisdiction Over Defendant and to Assert Rights Under 50 U.S.C. § [sic] 520 and 521." He sent this correspondence to the clerk of the McHenry County circuit court. The father did not send the required $83 filing fee and did not include a return address. On October 26, 1992, the clerk of the McHenry County circuit court stamped the letter and special appearance "Received." On the letter in the record is handwritten, apparently by someone in the clerk's office, "$83.00 fee due before we can this [sic] appearance. There was no return address so this appearance could not be sent back."

The circuit court increased the father's child support obligation by an order dated October 28, 1992. On December 9, 1992, the father filed a special appearance through an attorney. The mother moved to strike the special appearance. By an order dated January 4, 1993, the circuit court dismissed the father's special appearance, holding that the father's correspondence of October 22, 1992, "amounted to a waiver of the issue of personal jurisdiction and constituted a general appearance." The father filed a notice of appeal on February 3, 1993, seeking reversal of the finding that the October 22 correspondence constituted a general appearance. On appeal, the father argues that the October 22 correspondence was not a general appearance and that, if it was, he should have been afforded his rights under the Soldiers' and Sailors' Civil Relief Act (50 U.S.C. app. § 501 et seq. (1988)).

Before we determine whether the October 22 correspondence was a special appearance, we must decide whether the correspondence was properly filed with the clerk of the McHenry County circuit court. If the October 22 correspondence was not properly filed, no appearance, either special or general, was made.

■ Generally, "[a] 'filing' implies delivery of a document to the

appropriate party with the intent of having such document kept on file by that party in the appropriate place." (*Illinois State Toll Highway Authority v. Marathon Oil Co.* (1990), 200 Ill. App. 3d 836, 839.) However, the intent of the filing party is not the only factor to consider: "A document is considered filed when it is deposited with and passes into the exclusive control and custody of the clerk, who understandingly receives the same in order that it may become a part of the permanent records of his office." *Gietl v. Commissioners of Drainage District No. One* (1943), 384 Ill. 499, 501-02.

■ Section 27.1a of the Clerks of Courts Act (705 ILCS 105/27.1a (West 1992)) states that filing fees "shall be paid in advance." This language has been held to be directory, rather than mandatory (*In re Marriage of Savas* (1985), 139 Ill. App. 3d 68, 74; *Hanks v. Floyd* (1977), 51 Ill. App. 3d 1048, 1050), meaning that the clerk *may choose* to file documents unaccompanied by the proper filing fee. See *Ayala v. Goad* (1988), 176 Ill. App. 3d 1091, 1095.

In this case, the clerk did not file the father's special appearance drafted October 22, 1992. We believe that under *Gietl* the clerk did not "understandingly receive[ ] the same in order that it may become a part of the permanent records of his office." Indeed, the handwritten notation on the father's letter reveals that the October 22 writings would have been sent back to the father had he included a return address. More telling is that the clerk stamped the correspondence "Received" rather than "Filed." A "Filed" stamp on a document is *prima facie* evidence that the document was delivered to the proper office for filing on the date borne by the stamp. (*Ayala*, 176 Ill. App. 3d at 1094.) The clerk obviously chose not to exercise his or her discretion to file the correspondence absent the filing fee.

■ The father did not file his October 22 correspondence in this case; he merely delivered it to the clerk's office. We agree with the Appellate Court, First District, that "equating mere delivery with filing would create a problematic practice, and, we suggest, one open to abuse." (*Polka v. Turner* (1989), 182 Ill. App. 3d 705, 709.) Consequently, no special or general appearance was made by the father in October 1992. The trial court erred in deciding that the father's October 22 writings constituted a general appearance.

We note that even if the father's October 22 correspondence could be deemed a properly filed general appearance, the trial court still erred. The father in his special appearance asked to be afforded his rights under the Soldiers' and Sailors' Civil Relief Act (Act) (50 U.S.C. app. § 501 *et. seq.* (1988)). Section 521 of the Act requires a court presiding over a suit in which a person in military service is a party, upon application of that person, to stay the action unless the court

finds that such person's ability to prosecute or defend the suit is not materially affected by reason of his military service. (50 U.S.C. app. § 521 (1988); see *Plesniak v. Wiegand* (1975), 31 Ill. App. 3d 923, 927-30.) The trial court here made no findings on the Act's applicability. If the father was held to have appeared generally, he was entitled to some consideration of his claim. We do not decide whether the father was entitled to a stay; we merely point out the trial court's incongruous findings.

For the above reasons, we reverse the judgment of the circuit court of McHenry County.

Reversed.

BOWMAN and DOYLE, JJ., concur.