<hr />

(No. 86-CC-2861– )

WARREN J. OPPE and THERESA D. OPPE, Claimants, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order filed November 29, 1990.*
*Order filed May 13, 1996.*

ELMO E. KOOS, SR., for Claimants.

JIM RYAN, Attorney General (CLAIRE G. TAYLOR, Assistant Attorney General, of counsel), for Respondent.

ORDER

MONTANA, C.J.

This cause is before the Court on Claimants' motion

to vacate order and to reconsider and Respondent's responses thereto.

On July 3, 1986, this Court entered an order dismissing this claim on the grounds that the complaint was not filed within the two-year period required by section 22(f) (now section 22(g)) of the Court of Claims Act. (705 ILCS 505/22(f).) Section 22(f) provided:

"All other claims must be filed within 2 years after it first accrues, saving to infants, idiots, lunatics, insane persons and persons under other disability at the time the claim accrues, in which case the claim must be filed within 2 years from the time the disability ceases."

That decision was based on the record existing in the file in the Office of the Clerk of the Court of Claims at that time which consisted of a complaint, a notice of personal injury, and a motion to dismiss filed by Respondent. The complaint alleged that Claimants were injured on March 25, 1984. A circular stamped date on the front of the complaint indicated the date of receipt by the Court of Claims was April 2, 1986. (The Court did not see a square stamp on the back side of the last page of the complaint dated March 25, 1986.) Respondent's motion to dismiss asserted that Claimants' complaint was filed beyond the two-year requirement of Section 22(f) of the Act. Claimants failed to file a response to the motion to dismiss. The Court, agreeing with Respondent's assertions, dismissed Claimants' complaint.

Claimants then timely filed a motion to vacate order and to reconsider. Claimants stated in the motion that the complaint was in fact filed on March 25, 1986, and not April 2, 1986. In support of this assertion, Claimants attached a copy of a complaint bearing a Court of Claims file stamp date of March 25, 1986.

Respondent then filed a motion to strike Claimants' motion to vacate order and to reconsider. Shortly thereafter

Respondent filed a motion to withdraw motion to strike Claimants' motion to vacate order and to reconsider and objection to Claimants' motion to vacate order and to reconsider. This document, in relevant part, states:

"4. It has come to Respondent's attention that the facts in this case, pertaining to the time of the filing of the complaint, as set out in full in the attached affidavit (Exhibit A, attached hereto and incorporated herein by reference), present an issue not discussed heretofore.

5. The issue to be decided is what, under these circumstances, is a proper filing of a complaint. The pertinent documents are attached hereto as Exhibits B and C, and are incorporated herein by reference. Exhibit B is the first page of a complaint against the State of Illinois bearing a square stamp of the Court of Claims dated March 25, 1986. Exhibit C is a complaint against the State of Illinois with the same allegations, but with a round, red and blue stamp of the Court of Claims dated April 2, 1986, and a stamp showing case #86-2861. Exhibit C has an original signature and notary seal on the last page. [Note: Respondent's file copy of Exhibit C is filed herewith as the Claimants' original.]

6. Reference to the filing of complaints and assessment of fees for same, is found at Ill. Rev. Stat., ch. 37, sec. 439.21, entitled *Fees*. Section 21 states that the court is authorized to impose, by uniform rules, certain fees for the filing of petitions.

Court of Claims Rule #27 fixes the fees the legislature authorized in Section 21, by using the mandatory language of '* * * the following fees shall apply * * *.'

Court of Claims Rule #4, entitled *Procedure*, at subsection A., entitled *Filing*, provides in pertinent part as follows:

'Cases shall be commenced by the filing of a verified complaint with the Clerk of the Court * * *. The Clerk will note on the complaint, and each copy, the date of filing, and deliver one of said copies to the Attorney General or to the legal counsel of the appropriate State agency * * *.'

Thus the Court of Claims rules set out what fees *shall* apply (*shall* being mandatory language), and what constitutes the filing procedure. Payment of fees is a condition precedent that the Claimant must meet.

7. Because the Affidavit (Exhibit A) establishes that no fee accompanied Exhibit B, actual and proper filing of the complaint took place on April 2, 1986 when Exhibit C was submitted with a fee and duly processed by the Clerk of the Court of Claims.

8. Therefore, as originally set out in Respondent's Motion to Dismiss, Claimants' complaint is not timely, and should be dismissed."

The affidavit referred to as Exhibit A is signed by Richard N. Bozarth and, in pertinent part, states:

"I, RICHARD N. BOZARTH, being first duly sworn upon oath, depose and state that I am over 21 years of age and if called upon to testify, I could competently testify as follows:

1. I am employed as a Docket Clerk of the Clerk of the Court of Claims, 630 South College, Springfield, Illinois, and I was so employed during April and May of 1986.

2. As a Docket Clerk of the Court of Claims, it is part of my duties to duly file complaints and other pleadings submitted to the Court of Claims, and to act as custodian of the pleadings so filed.

3. On March 25, 1986, Mr. Elmo E. Koos, Sr., Attorney for Claimants in this case, came into the office building of the Clerk of the Court of Claims at 630 South College, Springfield, Illinois. Mr. Koos presented a complaint, and it was taken from him by Sandy Szkutnik, who was seated at a desk near the door. Ms. Szkutnik stamped the complaint with a stamp which states 'Filed, Court of Claims, Mar. 25, 1986.' Mr. Koos then left the clerk's office.

4. After Mr. Koos left, the complaint was handed to me for filing. Because I determined that no filing fee was included with the complaint, I did not assign it a case number, or send a copy to the Attorney General's office, or otherwise complete the filing procedure.

5. On April 1, 1986, I telephoned Mr. Koos to inquire about the fee, and advised him to send it in immediately.

6. On April 2, 1986 I received by mail a check for the fee. The complaint which had been previously brought in had the square stamp (described above in paragraph 3) on the back side of the last page. I stamped the front page with a round dial-type stamp that said 'Received, Court of Claims, 4-2-86.' I also assigned the case the #86-CC-2861, and completed the required steps in the filing procedure, including the sending of a copy of the complaint to the office of the Attorney General, and sending a letter to the Claimant's attorney acknowledging filing."

We note that while Claimants' motion to vacate and to reconsider has been pending, Claimants have been involved in another suit in the Circuit Court of Woodford County and the Fourth District Appellate Court arising out of the same set of facts alleged in Claimants' complaint in this Court.

The information contained in Claimants' motion to vacate order and to reconsider and Respondent's responses was not present when this Court originally determined that this claim should be dismissed. After reviewing that information and relevant case law, it is the opinion of

this Court that the decision should be reversed for the following reasons.

Respondent asserts that, as the Court of Claims rules set out what fees shall apply for filing claims and what constitutes the filing procedure, payment of fees is a condition precedent that Claimant must meet before a claim can be deemed as filed. This is contrary to the Fourth District Appellate Court decision in *Hanks v. Floyd* (1977), 51 Ill. App. 3d 1048, 367 N.E.2d 483, wherein the court determined that a complaint for personal injuries was timely filed within the statute of limitations even though the filing fee had not been paid on the filing date and, when the filing fee arrived two days later and the clerk himself discovered that the fee had not been paid until that date, the clerk changed the file stamp date to reflect the date of fee payment. In reaching its decision the court stated at 51 Ill. App. 3d at 1050, 367 N.E.2d at 484:

"Although by statute the fees of the clerk of the circuit court 'shall be paid in advance' (Ill. Rev. Stat. 1973, ch. 53, par. 31), this language has been interpreted to be merely directory, not mandatory. In *Elles v. Industrial Comm.* (1940), 375 Ill. 107, 30 N.E.2d 615, the plaintiff sought to appeal a decision of the Industrial Commission to the circuit court. However, the plaintiff did not pay the filing fee. The clerk of the circuit court filed the action even though a statute provided that fees of the clerk 'shall be paid in advance.' The supreme court held that the statute was merely directory to the clerk and that the failure to pay the filing fee did not deprive the circuit court of jurisdiction."

The situation in the claim at bar is similar to that presented in *Ayala v. Gold* (1988), 176 Ill. App. 3d 1091, 531 N.E.2d 1040. In *Ayala* plaintiff was injured on January 28, 1985. Plaintiff's attorney sent a complaint with a cover letter dated December 30, 1986, addressed to the "Clerk of Kane County, Geneva, Illinois." The letter indicated the complaint was being sent "along with our check in the sum of $52.00" and requested the clerk to forward stamped copies and forms to issue summons. It was undisputed that the circuit clerk received the letter and

complaint and stamped the complaint as filed on January 5, 1987, and assigned the complaint a case number. It further appeared that sometime after the initial filing of the complaint an unknown employee of the circuit clerk's office crossed out the January 5, 1987, filing date and restamped the complaint as having been filed on March 25, 1987, at 2:51 p.m. and a different case number was assigned by the circuit clerk.

At the hearing of the defendant's motion to dismiss, the circuit clerk testified that a courtesy policy had been developed to notify attorneys who filed complaints by mail if the filing fees were not enclosed. A telephone call was made to the attorney the day a complaint was received advising of that fact and that paperwork would be held five days for submission of the fee. The circuit clerk further testified it was the clerk's policy to file stamp a complaint when received and, if payment was not received, to scratch out or otherwise remove the filing notation from the complaint.

A deputy circuit clerk testified he had received the cash receipt records of the clerk's office and could not locate any record of money received from plaintiff for filing on January 5, 1987, but did find a copy of a check corresponding to the revised filing date of March 25, 1987. Another deputy circuit clerk testified that her handwriting and signature appeared on the front of the cover letter sent by plaintiff's attorney when the complaint was mailed to the clerk's office. Her signature followed a notation on the letter regarding service of summons, but no mention was made of a missing filing fee. She further testified she had no personal recollection concerning whether a filing fee was included with the complaint.

An employee of the circuit clerk's office testified she entered plaintiff's complaint in the computer on January

9, 1987, but deleted it seven minutes later. She further testified she had no independent recollection of the matter, or of advising plaintiff's attorney of the missing filing fee; but her initials and terminal number appeared on the computer printout.

The trial court ruled that receipt of the filing fee by the circuit clerk was a condition precedent to the filing of a complaint and since plaintiff offered no direct evidence that a check had been sent with the complaint it was not taken into custody of the circuit clerk until the March 25, 1987, filing date which was after the limitations period had run.

The Second District Appellate Court, citing *Hanks, supra,* reversed the trial court's decision. In so doing the court stated at 176 Ill. App. 3d at 1694, N.E.2d at 1042, 1043:

"Our supreme court has considered the circumstances which will be regarded as the filing of a document, as follows:

'[T]o file a paper in a cause it must be placed in the hands and under the control of the clerks. It must pass into his exclusive custody and remain within his power. * * * [T]he purpose and object is to render it a part of the records of his office, and that object must be communicated to him in some manner capable of being understood.' *Brelsford v. Community High School District No. 36* (1927), 328 Ill. 27, 34, 159 N.E. 237, 240. *Hamilton v. Beardslee* (1869), 51 Ill. 478, 480.

The file mark on a paper constitutes prima facie evidence that it was delivered to the proper officer for filing on the date indicated by the file mark. (*Gage v. Nichols* (1890), 135 Ill. 128, 133, 25 N.E. 672, 673; see 1 C. Nichols, Illinois Civil Practice §380 (1984).) After the clerk has put his mark on it and docketed the case, the papers in a cause become the files of the court and cannot be withdrawn without leave of the court. (*Coles v. Terrell* (1896), 162 Ill. 167, 169-70, 44 N.E. 391, 392.) More recently, this court has stated that the actual filing date of a petition (like a complaint) is when it is received and stamped by the circuit clerk's office. *Wilkins v. Dellenback* (1986), 149 Ill. App. 3d 549, 553-54, 102 Ill. Dec. 799, 802-03, 500 N.E.2d 692, 695-96, *appeal denied* (1987), 113 Ill. 2d 586, 106 Ill. Dec. 57, 505 N.E.2d 363."

The court further stated at 176 Ill. App. 3d at 1095, 531 N.E.2d at 1043:

"We point out that the clerk may refuse to accept a document unless the fee is paid (Ill. Rev. Stat. 1987, ch. 25, par. 27.1); however, where the clerk has accepted a document for filing without the fee, file stamps it and assigns a docket number, as occurred in the present case, the circuit court nevertheless acquires jurisdiction of the case. Where the fee has not been paid, it may properly order the fee paid before proceeding with the matter, but the harsh remedy of dismissal with prejudice should be considered only upon plaintiff's noncompliance with an order for payment. See generally *Ganja v. Johnson* (1972), 6 Ill. App. 3d 701, 286 N.E.2d 775, 777."

Based on the foregoing, we find that the complaint in the claim at bar was filed on March 25, 1986, the date Claimants' attorney in person presented the complaint to an employee of the Office of the Clerk of the Court of Claims and the employee accepted the complaint, file stamped it as being received on March 25, 1986, and returned a file stamped copy to the attorney even though payment of the filing fee may not have been tendered at the time. It is on that date that the complaint came into the exclusive custody of the Office of the Clerk of the Court of Claims and became a part of its records. We further find that since Claimants' complaint was filed on March 25, 1986, it was timely filed within the two year period required by section 22(f) (now section 22(g)) of the Court of Claims Act.

Wherefore, it is hereby ordered that this Court's order dismissing this claim dated July 3, 1986, be vacated and that the cause be assigned to a Commissioner for further proceedings.

## ORDER

FREDERICK, J.

This cause comes before the Court on the Court's own motion, and the Court having reviewed the court file, and the Court being fully advised in the premises, Wherefore, the Court finds:

1. That the Court has reviewed this case in the Court's continuing review of all cases that were filed prior to 1990.

111

2. That this claim was filed on April 2, 1986.

3. That there has been no activity in the case noted on the docket sheet since November 29, 1990.

4. That there have been no pleadings filed and no hearings held in this case in more than five years.

5. That this Court will not hold a case open indefinitely.

6. That the Court may dismiss a case for want of prosecution where the Court finds a Claimant has failed to make a good faith effort to prosecute the claim.

7. That Claimants herein have failed to make a good faith effort to prosecute their claim where there has been no activity in the case for more than five years.

Therefore, it is ordered that this claim is dismissed for want of prosecution.