(No. 91-CC-0520)

ROBERT GAYNOR, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 19, 1993.*
*Order filed June 27, 1994.*

STEVEN A. GREENBERG, LTD., for Claimant.

KEEVERS & HITTLE (WILLIAM C. LINDSAY, of counsel), for Respondent.

## OPINION

SOMMER, C.J.

This is a claim for personal injury. The Respondent has filed a motion to dismiss based upon the statute of

limitations, which is two years, by virtue of section 22(g) of the Court of Claims Act. 705 ILCS 505/22(g).

The date of injury alleged was August 22, 1988. The Claimant filed his complaint on August 21, 1990. It was accepted by the clerk and stamped; whereupon the clerk later crossed out the stamp and sent the complaint back to the Claimant, along with a checklist indicating possible defects of a complaint. The items on the check-list marked relevant to this claim were:

"(5) Failure to furnish Claimant's Federal Employer Number or Social Security Number.

(6) Other: Please have the claimant sign where indicated. All copies need his signature."

The Claimant refiled on September 10, 1990. This refiling put the Claimant beyond the two year statute of limitations, as the Respondent points out in its motion to dismiss.

In this instance, the clerk essentially made a determination that the pleading was defective and sent it back.

In a somewhat similar case, *Oppe v. State* (1990), 86-CC-2861 (unpublished), this Court found that acceptance and stamping of a complaint without the filing fee amounted to a filing even though the Clerk had sent the complaint back to the Claimant who then refiled late, as in the present case. In the *Oppe* claim, the case of *Ayala v. Gold* (1988), 176 Ill. App. 3d 1091, 531 N.E. 1040 was cited. The *Ayala* case contained a full discussion of filings, citing other cases which hold that once a document is accepted and stamped by the clerk, a filing has occurred.

In the present claim, the insufficiencies cited by the clerk were failure to provide the Claimant's social security number and the absence of the Claimant's signature. The complaint was verified by the Claimant's attorney. Oddly,

neither of the alleged insufficiencies are expressly required by this Court's rules or the statutes, whereas the *Oppe* claim and the *Ayala* case concerned filing fee which are clearly required by both rule and statute.

As cited in the *Ayala* case, the rule in cases such as this, is that once the clerk has accepted and stamped the complaint, it is beyond the power of that office to make a determination that the complaint is legally defective and unfile it, by crossing out the date stamp and sending it back. If the complaint contains defects, it may only be stricken by order of the Court upon motion of the Respondent or the Court.

Therefore, we find that the complaint in this claim was filed on August 21, 1990 for the purposes of applying the statute of limitations, and that such filing was within the statute of limitations. It is therefore ordered that the motion to dismiss is denied.

## ORDER

SOMMER, C.J.

This cause coming to be heard on the motion of the Court, due notice having been given, and this Court being fully advised, finds that the Claimant failed to appear, after notice was given, at status hearings on January 10, 1994, March 14, 1994, April 11, 1994, and May 9, 1994. Additionally, this Court finds that by virtue of section 790.260 of the Court of Claims Regulations (74 Ill. Adm. Code 790.260) "that the Claimant has made no attempt in good faith to proceed."

It is therefore ordered that this claim is dismissed.