(No. 98-CC-2015—▮▮▮▮▮▮▮)

BOBBY R. GREEN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed December 14, 1999.*

BOBBY R. GREEN, *pro se.*

JIM E. RYAN, Attorney General (RANDALL C. STAUFFER, Assistant Attorney General, of counsel), for Respondent.

## ORDER

Jann, J.

This cause comes on to be heard on the motion of Respondents to dismiss the claim herein and it appearing to the Court that Claimant has received due notice and filed a response. The Court being fully advised in the premises finds that:

Respondent's motion is based upon Claimant's failure to file within two years of the date he alleged a forged P-96 form for payment of trust funds to a third party was processed by Respondent's agents. The Clerk's docket indicates that on October 17, 1997, the "complaint [was] returned—incomplete." We lack copies of the original filing in the submissions of either party. There is no indication that the complaint was stamped "filed" by the Clerk on October 17, 1997. Claimant refiled on November 7, 1997, beyond the two year statute of limitations. The Court made inquiry of the Clerk's office and found the Clerk's file showed Claimant's complaint was received on October 17, 1997, without the required filing fee or an application to sue in *forma pauperis*. The complaint was *not* accepted as filed and was returned to Claimant. As set forth in *Gaynor v. State* (1993), 46 Ill. Ct. Cl. 381, the filing fee is required by both rule and statute.

Based upon the foregoing, we find Claimant's complaint was filed more than two years after the alleged cause of action arose and is barred from further consideration by this Court. Claimant's argument that the statute of limitations is tolled during the pendency of institutional grievance procedures to comply with exhaustion of

remedies is simply incorrect and contrary to Court rules and precedent.

This cause is hereby dismissed with prejudice.